LOUISVILLE, NEW ORLEANS & TEXAS RY. CO. v. DURFREE.

RAILROADS.   *Obstructing highway.   Negligence.   Damages.*

> One detained by a train at a highway crossing is justified in momentarily expecting that the obstruction will be removed, as the law requires; and if, as the result of being detained unreasonably in inclement weather he is made sick, he may recover damages of the railroad company. It does not lie with defendant to say that plaintiff should have yielded to its unlawful conduct and sought shelter.

FROM the circuit court of Coahoma county.
HON. R. W. WILLIAMSON, Judge.

Section 1049 of the code of 1880 is as follows: "Every railroad company, upon stopping any train at a place where such railroad shall cross a highway, shall so uncouple their cars as not to obstruct travel upon such highway for a longer period than five minutes."

On the 26th day of March, 1890, the appellee sued the appellant for $1,000, damages alleged to have been sustained by the plaintiff in consequence of the failure of the defendant to remove one of its freight-trains from the crossing on a certain highway, which was obstructed for more than five minutes, in violation of the statute. The declaration alleges that this occurred on the ―― day of January, 1890. The

date is not otherwise more definitely given, nor is the number of the train stated.

At the November term, 1890, the defendant moved the court to require the plaintiff to make the declaration more definite, or to amend the same, because the plaintiff failed to specify the day of the month on which the alleged wrong occurred, and failed to state the number of the defendant's train causing the obstruction, and because the declaration was otherwise indefinite, and so framed as to prejudice, embarrass and delay a fair trial of the action. This motion was overruled, and defendant excepted. Thereupon, the plea of general issue was filed, and with it a notice that on the trial the defendant would introduce evidence to show that plaintiff, by his culpable neglect, contributed to his injuries.

At the April term, 1891, the cause was tried. The evidence tended to show the following facts: Plaintiff resided about two miles from Lula, a station on defendant's road. Returning from Memphis, he arrived at the station, and started home on horse-back. The public road he was to travel, the only road leading to his house, crossed defendant's railroad about four or five hundred yards north of the station. When plaintiff reached the crossing it was obstructed by a long freight-train, which extended across a cattle-guard and into a field on the north, the rear or south end being some distance below the depot. The day was cold and damp, and it was raining slightly. Plaintiff was well, and had on an overcoat. He waited half an hour or three-quarters, momentarily expecting, as he testified, that the train would move on, or that an opening would be made that he might cross. He appealed to some of the brakemen on the train to let him pass; did not see the conductor or engineer. After thus waiting, another person came up, and he then took out his watch and looked at it, and, after that, remained about half an hour before being able to cross. He testified that, after having waited about half an hour, he was taken with a chill;

that, notwithstanding this, he continued to wait in the rain for three-quarters of an hour longer. The testimony tended to show that, without difficulty and inconvenience, he could reach home only by crossing the railroad at this point; that he could have gone back to the station or to some house in Lula to avoid the rain, but expected the train to be uncoupled at first, and afterwards he felt sick, and for that reason did not seek shelter. He was wet by the rain, and testified that this caused the chill and his subsequent sickness. He rode home and went to bed, where he was confined by sickness for two weeks, and he was feeble for several months. Besides the suffering, he testified that he sustained damages to the amount of several hundred dollars, by reason of having to employ another person to look after his plantation, and that his business was not conducted as well as if he could have given it his attention. He could not fix the day of the occurrence, but stated that it was during the month of January, 1890. One of the witnesses for the plaintiff stated that it was about the 10th or 12th of January. None of the employes of defendant were examined as witnesses, and no explanation was given of the failure to remove or uncouple the train.

The evidence being closed, the defendant moved to exclude all the testimony for the plaintiff, and the motion was overruled. A peremptory instruction in behalf of the defendant was asked, and was refused. An instruction to the effect that, if plaintiff recovered, he was only entitled to nominal damages, was likewise refused. On behalf of plaintiff, the court instructed the jury, in effect, that if the defendant obstructed the highway for more than five minutes, and plaintiff was damaged thereby, he was entitled to recover the amount of damages resulting from the act and not caused by his own negligence. The court also instructed for the plaintiff that he had a right to expect that the defendant would do its duty in opening the crossing.

For the defendant, the court instructed that if the jury

believed from the evidence that plaintiff was in easy reach of public or other houses, wherein he could have protected himself from exposure during the time the track was obstructed, and neglected to avail himself thereof, then he was guilty of contributory negligence, and could not recover.

Verdict and judgment in favor of plaintiff for $225. Motion for new trial overruled. Defendant appeals.

*Mayes & Harris*, for appellant.

1. It seems to us that the statement of this case is sufficient to secure a reversal. The books abound in cases where parties have recovered damages of railroad companies for causing them to be exposed to inclement weather. But these are all cases in which the wrongful conduct of the railroad company left the plaintiff no alternative but to stand the exposure. There is no case extant in which one has been allowed to recover for injuries received as in this case. Would any intelligent court hold that a man could recover for the consequences of a wetting, when ample and convenient shelter was at hand, which he was perfectly free to seek? Suppose we admit that the defendant, by not opening its train, violated a statutory duty it owed to plaintiff, it was *injuria sine damno*. It is of the wetting and its consequences that he complains, and this he subjected himself to. *Volenti non fit injuria*. It is not shown that the defendant held out any inducement to him to wait in the rain.

2. It does not appear that the plaintiff suffered any loss by reason merely of the delay, aside from the wetting. It does not appear that there was any urgent necessity for him to get home sooner than he did.

3. It is not clear, from the evidence, that this was a highway within the meaning of the statute. If it was a crossing in the town, the statute does not apply. *Railroad Co.* v. *State*, 51 Miss., 137. See also *Railway Co.* v. *French, ante,* p. 121, and *I. C. Railroad Co.* v. *State*, an unreported case decided by this court.

*Cutrer & Cutrer*, for appellee.

This action is based on the failure of appellant to observe the requirements of § 1049, code 1880.   It would lie at common law, and, in addition, is expressly authorized by § 1054 of the code.   The declaration alleges, and the proof sustains the allegation, that the highway obstructed was in the country, and not in the town of Lula.

On the question of plaintiff's right to recover for the wrong complained of here, see *Patterson* v. *Railroad Co.*, 19 Am. & Eng. R. R. Cas., 415; *Railroad Co.* v. *Mask*, 64 Miss., 738.

There was no contributory negligence.   Plaintiff had no reason to apprehend that by waiting he would bring upon himself the chill and subsequent illness.   On this point, see 55 Am. Dec., 672.

Plaintiff had no connection with causing the obstruction and, therefore, did not in any way contribute to the injury complained of.   *Railroad Co.* v. *Patton*, 31 Miss., 156.   If the defendant had obeyed a plain statutory duty, to say nothing of the exercise of reasonable care, the injury would not have occurred.   The defense is really not contributory negligence, but that plaintiff's conduct aggravated the effect of defendant's wrong.   On this point, see Sedgwick, Meas. Dam., pp. 577–579.

At most, the jury could only have been instructed to consider such conduct in mitigation of damages.   *Stebbins* v. *Railroad Co.*, 41 Am. R., 856.

The testimony amply warranted the verdict.   Only compensatory damages were given.

COOPER, J., delivered the opinion of the court.

The appellant company should congratulate itself upon the very fortunate escape it has secured from a verdict for substantial punitive damages, which, on the facts, might well have been awarded by the jury.

Mr. Durfree was justified in momentarily expecting that

the servants of the company would remove the obstructing train from across the highway, so that he might pursue his journey home; and it does not lie with the company to say that he should have yielded to its unlawful and arrogant conduct, and sought shelter against the inclemency of the weather.

*The judgment is affirmed.*