Southern Railway Co. in Miss. *v.* S. A. Floyd.

[55 South. 287.]

1. Negligence. *Railroads. Blocking highway. Proximate cause. Instructions.*

When the facts of a given case are undisputed and the inferences or conclusion to be drawn therefrom are indisputable, when the standard of duty is fixed and defined so that a failure to attain it, is negligence beyond cavil, then contributory negligence is a matter of law.

2. Proximate Cause of Injury. *Last clear chance.*

If the sole immediate cause of the injury was the defendant's negligence, the plaintiff can recover, notwithstanding previous negligence of his own.

3. Contributory Negligence.

Where plaintiff on his way home at night found the public road blocked by freight cars standing on the railroad track that passed over the public road, the cars extending about fifty feet on either side of the crossing and having no engine attached thereto, the cars remaining there all night and a part of next day: And plaintiff dismounted from his horse and went around one end of the cars to get into the road on the other side and in going around, just before he got back into the public road fell into a hole and was injured. His act in so doing was not contributory negligence *per se.*

4. Question for the Jury.

Where the facts are conceded, but the inferences in regard to negligence is doubtful, depending upon the general knowledge and experience of men, it is a question for the jury.

5. Proximate Cause.

Where the injury to plaintiff was directly traceable to the negligent obstruction of a highway by the defendant railroad company such obstruction was the proximate cause of the injury.

6. Instructions.

It is a mere matter of form that an instruction reads: "If the plaintiff has shown by the evidence," etc., instead of the usual way that, "If the jury believe from the evidence."

APPEAL from the circuit court of Carroll county.

HON. G. A. McLEAN, Judge.

Suit by S. A. Floyd against the Sorthern Railway Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Catching & Catching,* for appellant.

Contributory negligence is so clearly made out that the court ought to have instructed the jury to find for the appellant.

In *Corcoran* v. *St. Louis, I. M. & S. R. Co.,* 16 S. W. 413, the supreme court of Missouri said:

"Whether in any particular case the plaintiff was guilty of contributory negligence is generally a question of fact for the determination of a jury, but when no other inference than that of negligence can be fairly and reasonably drawn from the evidence, as in this case, it should be declared as a matter of law."

This court has held that where the evidence and inferences therefrom make it clear that plaintiff's negligence produced the injury, or contributed as the proximate cause thereof, it is proper to direct a verdict for defendant. *McCurty* v. *Railroad,* 67 Miss. 601; *Railroad Co.* v. *Mason,* 51 Miss. 234.

The court gave this instruction for the appellee:

"The court instructs the jury in this case, if the plaintiff has shown by evidence that the public highway or road crossing at Malmaison which is alleged to have been obstructed by defendant leaving cars over said crossing was a "highway," "public road," that the plaintiff himself was detained by said obstruction for a longer period than five minutes, and that the detention or obstruction caused the injury complained of, then the defendant is liable for all damages sustained as consequence of the carelessness and negligence of their agents or servants in obstructing the said crossing."

We submit that no argument should be required to show that this instruction is manifestly erroneous, and that it could not have failed to make the jury believe that in order that the plaintiff might recover it was only necessary for him to show that the highway had been obstructed for a longer period of time than five minutes, and that the appellee was injured. The effect of the instruction was to inform the jury that if they believed these two things the plaintiff was entitled to recover.

It wholly omits all reference to the question as to whether the obstruction was the proximate cause of the injury. In Cooley on Torts, page 6, it is said:

"If the wrong and the resulting damages are not known by common experience to be natural and usual in sequence, and the damage does not, according to the ordinary course of events, follow from the wrong, then the wrong and the damage are not sufficiently conjoined or concatenated as cause and effect to support an action."

This test, we think, is supported by the authorities without exception. In 29 Cyc. 492 it is said:

"To constitute proximate cause creating liability for negligence the injury must have been the natural and probable consequence of a negligent act. It is the cause which naturally produces a given result. The negligence must be such that by the usual course of events it would result in injury unless independent moral agencies intervene in the particular injury."

Again on page 496 it is said:

"A prior and remote cause cannot be made the basis of an action, if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a dstinct, successive, unrelated, and efficient cause of the injury. If no danger existed in the condition except

because of the independent cause such condition was not the proximate cause. And if an independent negligent act or defective condition sets into operation the circumstances which, because of the prior defective condition results in injury, such subsequent act or condition is the proximate cause. But where the condition was such that the injury might have been anticipated, it will be the proximate cause notwithstanding the intervening agency, or where such condition rendered it impossible to avoid injury from another contributing cause.''

Applying the law as thus laid down it is impossible to say that the mere fact that the highway was obstructed was the cause of the injury. There was no negligence on the part of the appellant in creating the hole into which the appellee fell, or in allowing it to remain. It was upon its right of way and apparently, according to the testimony, had been created as the result of throwing up earth from its right of way on to its railroad embankment. The only negligence, therefore, was the obstruction of the highway. How can it be said that by common experience and as a natural sequence this obstruction would have resulted in the appellee falling into this hole and sustaining the injuries complained of? How can it be said that the damage, according to the ordinary course of events, followed from the obstruction. The obstruction did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible. That is to say, the obstruction gave rise to the occasion by which the appellee attempted to pass around the obstruction and get back into the highway. It could not possibly have been anticipated as the probable result of this obstruction that the appellee, in attempting to evade the obstruction, would pursue the course he did, of attempting on a dark and cloudy night to travel along these railroad tracks and step off into a hole.

The case of *V. & M. R. Co.* v. *Alexander,* 62 Miss. 499, clearly illustrates what is meant by proximate cause. In that case the train of the railway company was left for about an hour, with a part of it extending three and a half feet into the street, at a crossing. The court said:

"It was improper to thus partially obstruct the crossing, and for any damage directly treaceable to this wrong of the appellant it is unanswerable."

That position is undoubtedly correct. It was equivalent to saying that the railway company was not liable for any damage which was not directly traceable to the obstruction. Under the facts of that case the plaintiff was held not guilty of contributory negligence, and clearly he was not so guilty. The injury complained of was held to be directly connected with the obstruction, and therefore it was held that the obstruction was the proximate cause of the injury. In this case, however, the injury which the appellee sustained is not directly traceable to the obstruction of the highway at Malmaison.

But the instruction is fatally defective in another particular. The jury are told that "if the plaintiff has shown by evidence" that the highway was obstructed, that the plaintiff was detained by the obstruction, and that this obstruction caused the injury, the appellant must be found liable. They are not told that they must believe from the evidence that these things happened; they are simply told that it is sufficient to make the defendant liable if the plaintiff has shown by evidence that these things happened. The plaintiff undoubtedly has shown by evidence that the highway was obstructed, that he was detained by the obstruction, but even if it could be inferred that this obstruction caused the injury complained of, the instruction is defective because the jury are not required by it to believe that these things have been established by the evidence. Under this in-

struction, although the jury might have believed that the evidence introduced by the appellee was false, yet they are required to find the appellant liable because the appellant has shown by eveidence.  In other words, the jury are not required by the instruction to believe from. the evidence, but they are required to find the defendant liable if there is evidence showing the things recited, although they might totally disbelieve this evidence. The words "if the plaintiff has shown by evidence" and not at all equivalent to the words "if the jury believe from the evidence." The distinction between the two expressions is clear and distinct. If for no other reason, therefore, this case must be reversed.

*M. B. Grace,* for appellee.

We submit no argument is necessary here to show that the plaintiff in the court below was not guilty of contributory negligence *per se.*  The record conclusively shows that he exercised all the care, caution and prudence any ordinarily careful and prudent man would have exercised under the same circumstances. He says, "he was acquainted with the premises and of the railroad tracks at this place, and, to take the precautionary measure to prevent injury, he crossed over the side track and main line and to a place where he thought he was safe."  His actions at that time seem to indicate that he knew there was a low place near where the highway crosses the railway tracks, and was trying to avoid falling into it, was the reason he crossed over all the tracks at the particular point he did.  There was nothing apparently about the premises which indicated to him he would probably be injured by going around the cars and getting into the highway.

A further precautionary measure taken and adopted by the plaintiff in the court below was, instead of riding his horse or mule around the cars, he "cooned" carefully his way around the cars leading the animal.  Mark

you, the hole which he fell into was dug there the day of the accident, or, about that time. See S. I. Donley's testimony. It is said, ''The unlawful or unreasonable obstruction of a highway is a public nuisance, and any one injured, or, who sustains damages as a consequence of such obstruction, may maintain a civil suit for damages sustained as a consequence of such negligence, or obstruction. A traveler has the right to expect, and presume that a public highway crossing over a railroad track, or tracks, will be kept open to the traveling public, and, not be blocked by the railroad company leaving a string of freight cars standing over and upon the crossing, and no engine attached to them, and all night. *A. & V. R. Co.* v. *Alexander*, 62 Miss. 496.

It is no defense that the person injured might have taken another road which was safe. It is no defense that this plaintiff might have kept on the same side of the railroad tracks his horse was hitched upon, and gone to another road, if there was one in the country, and gone another way or route to his home. In fact, there was no other crossing near this one, and the record is silent as to where the next crossing is. *Stewart* v. *Havens*, 17 Neb. 211.

Plaintiff in the court below was not responsible for the night being dark and cloudy. Since it was dark and cloudy, he exercised all the care, caution and prudence possible in, first ascertaining if there was a locomotive engine attached to the cars, and, next, in leading his horse around the cars, walking himself. Where the laws of necessity forces a party to do, or not to do certain things, if he uses ordinary care in doing them, he is not guilty of contributory negligence *per se.*

The question as to whether appellee was guilty of such contributory negligence as would bar a recovery was a question for the jury and not for the court. It is a question of fact, and for the jury, where fair-minded men might draw different conclusions from undisputed

facts. Vol. 1, Thompson on Negligence, sec. 429; *Penn. etc., R. R. Co.* v. *Righter,* 42 N. J. L. 180, 183.

Where the contributory negligence of the party injured is relied upon to defeat a recovery, the evidence must show conclusively that the plaintiff or party injured was guilty of contributory negligence *per se.* In other words, his negligence must amount to an utter disregard for his own safety. His failure to take great care is no defense to the action. Shearm & Red., on Negligence, sec. 29; also foot notes and authorities, sec. 29.

Some risk is always taken by the most careful and prudent men. The plaintiff is not barred if he adopted the way, course or route most prudent men would have adopted under similar circumstances, and the court very properly refused the affirmative charge requested by defendant. Shearm & Red., on Neg., secs. 30-31; foot notes to section 31.

Contributory negligence is always a question for the jury, unless, it affirmatively is shown by the evidence that the plaintiff was guilty of contributory negligence *per se,* and it amounts to utter disregard to his own safety. *Girdudi* v. *Electric Improv. Co.,* 107 Cal. 120, 28 L. R. A. 596; *R. R. Co.* v. *Mason,* 51 Miss. 234; *R. R. Co.* v. *Davis,* 69 Miss. 444; *Railway Co.* v. *Lowe,* 73 Miss. 203; *Fuller* v. *R. R. Co.,* 68 Miss. 355; *McGowan* v. *R. R. Co.,* 62 Miss. 682; *R. R. Co.* v. *Hirsch,* 69 Miss. 126.

Further, on this question, we respectfully invite the attention of the court to the opinion of the court in the case of *Owens* v. *Yazoo & M. V. R. R. Co.,* 94 Miss. 378, in latter part of opinion of court, 47 South. 518; *Bell* v. *Southern Railway Company,* 87 Miss. 234, 30 South. 821.

The hole plaintiff fell into and was injured is forty feet, more or less, west of the highway at Malmaison. The court well sees he was endeavoring to shun the low place near the highway when he crossed to the south side of the main line immediately after passing around the west end of the cars.

## Instructions.

Counsel for appellant seems to find fault with instruction No. 3 requested by the appellee and given by the court below. He says, it is objectionable for two reasons. His argument fails of itself. It is correct and is as follows:

"The court instructs the jury in this case, if the plaintiff has shown by evidence that the public highway or road crossing at Malmaison which is alleged to have been obstructed by defendant leaving cars over said crossing, was a "highway," "a public road," that the plaintiff himself was detained by said obstruction for a longer period than five minutes, and that the detention or obstruction caused the injury complained of, then the defendant is liable for all damages sustained as a consequence of the carelessness and negligence of their agents or servants in obstructing the said crossing."

The instruction meets every objection urged to it by counsel for appellant. He says, "the instruction is faulty because it tells the jury, 'if the plaintiff has shown by evidence that so and so was the case' the defendant is liable for all damages sustained." their contention is, the instruction should have read, "if the jury believes from the evidence and etc." If the jury had not believed the evidence, they certainly would never have returned a verdict for the plaintiff. This objection is merely to the form, and not the substance of the instruction. Had the instruction told the jury, if they believe from the evidence, or if the plaintiff has shown by the evidence, that the highway was obstructed by defendant's cars, and that same is a highway, and stopped at this point, it would not have made sense. It must go further and show that the injury or damage was a direct consequence of the crossing or highway being obstructed, or, it must go further and tell the jury that the injury or damage must be a consequence of the crossing

being obstructed by the appellant's freight cars, and this is exactly what this instruction does.

What is the office of an instruction? What is the object of an instruction? Hughes on instructions says the object of an instruction is as follows:

"The object of an instruction is to inform the jury what are the precise principles or rules of law applicable to the evidence in the case, and explain the issues that the jury may have a clear understanding of their duty in reaching a verdict. Instructions should therefore be clear and simple, and consist of a plain statement of the law applicable to the evidence or facts in the case; and they should be couched in such terms as they may be readily understood by ordinary men acting as jurors." *Moore* v. *Rayland,* 58 Kansas 250.

If it was slight error in drawing the instruction to read, "if the plaintiff has shown by evidence and etc.," we submit same was cured by instruction No. 3 requested by the appellant and given by the court.

"The court charges the jury that they are the sole judges of the credibility of witnesses and they may believe or disbelieve the testimony of any witness as their conscience may dictate, and if the jury believe any witness has testified to anything as a fact which is intrinsically impossible, they may disregard the testimony of such witness altogether, if they see proper."

This instruction told the jury they may disbelieve the evidence of any witness if they thought he had testified falsely to any fact; that they were the judges of the credibility of all witnesses, etc., and they had the right and power to disregard the evidence of any or all of the witnesses for the plaintiff. The case of *A. & V. R. R. Co.,* v. *Alexander,* 62 Miss. 499, bears out our contention.

If the railroad company had not blocked and obstructed the highway at Malmaison, which is a country road crossing, the plaintiff would never have gone, or attempted to go round the cars, and would not have been

injured by falling into the hole. Then what was the proximate cause of the injury? Was it not the blocking of the crossing? This is exactly what caused him to attempt to go around the cars and try to get back to his home that night.

This instruction was drawn as nearly as possible from the opinion of the court in the case of *Anderson* v. *R. R. Co.*, 81 Miss 587. The burden of proof was upon the appellee to prove all that was recited in the instruction, and had he failed in any particular, his case was not made out.

Argued orally by *M. B. Grace*, for appellee.

McLain, C.

This is an appeal from the circuit court of Carroll county by the Southern Railway Company from a judgment of three thousand, three hundred and fifty dollars rendered against it in favor of S. A. Floyd for injuries alleged to have been received by him by reason of the appellant having blocked with its cars the public road crossing at Malmaison.

We will first give the leading facts. Malmaison is a small railroad station on appellant's railway line. At this point its road runs east and west. The side track or switch lies and runs parallel to the main line, immediately north of it. The public road is crossed by the main line and side track at this point. The appellee lives several miles south of Malmaison. Appellee, on arriving in the village, some hours prior to the unfortunate accident, hitched his horse just north of appellant's railroad track. Desiring to return to his home, about 8 or 9 o'clock at night, appellee found the public road blocked by freight cars standing upon the track that passed over the public road, and the freight cars extended from this point, both east and west, some fifty or sixty feet. These cars remained in that position the balance of that night

and a part of the next day.  Appellee, discovering that there was no engine attached to either end of these cars, and the surrounding circumstances seeming to have suggested to him that they would thus remain for some time, dismounted from his horse and walked west (leading his horse) by the side of these cars.  When he arrived at the end of these freight cars, he turned south, passing over the side track to the main line, and then turned east, walking on the main line, with the intention of reaching the public road.  After reaching a point within fifteen or twenty feet of the public road, he stepped off the main track into a hole, which he says was about two or three feet deep and about six feet wide.  In the fall he struck against a cross-tie, and received the injuries complained of in his declaration.  The nature and extent of these injuries we will not set forth, as we think the jury was warranted in its finding.  Appellee claims that, when he fell into the hole, he did not see it on account of the extreme darkness of the night.  It is alleged that this hole was made, just before this accident, by appellant getting dirt to place upon its track. There is some dispute as to the size and depth of this hole.  The night on which this accident happened was cloudy and very dark.  It appears from the record that appellee was well acquainted with the premises and railroad tracks at this place.

These are the leading facts.  Upon the trial the court gave the plaintiff this instruction:  "The court instructs the jury in this case, if the plaintiff has shown by evidence that the public highway or road crossing at Malmaison, which is alleged to have been obstructed by defendant, leaving cars over said crossing, was 'a highway, a public road, that the plaintiff himself was detained by said obstruction for a longer period than five minutes, and that the detention or obstruction caused the injury complained of, then the defendant is liable for all damages sustained as a consequence of the carelessness and

negligence of their agents or servants in obstructing the said crossing.''

The counsel for appellant insists with much earnestness and skill that appellant was entitled, under the facts in this case, to a peremptory instruction; and he further contends, if he is mistaken in that, that the above instruction is manifestly erroneous, and, if for no other reason, the case should be reversed. ''When the evidence neither proves nor tends to prove liability on the part of a defendant, or where the facts shown in evidence and all the inferences from those facts make it clear that plaintiff's own negligence produced or contributed, as the proximate cause, to produce the injury for which recovery in damage is sought, then and in every such case the question is for the court alone. *McMurtry* v. *L. N. O. & T. Ry. Co.*, 67 Miss. 604, 7 South. 401.''

Beach, in his work on Contributory Negligence (page 454), under the head ''Contributory Negligence as a Matter of Law,'' elaborates this idea in a most admirable manner: ''What amounts to negligence, as we have already seen, is a question of law. It is for the court to say, in a majority of instances, what is, and what is not, negligence as an abstract proposition. When, therefore, the facts of a given case are undisputed, and the inferences, or conclusion to be drawn from the facts, indisputable, when the standard of duty is fixed and defined, so that a failure to attain it is negligence beyond cavil, then contributory negligence is a matter of law.''

To prevent a recovery in this case, the plaintiff's negligence must proximately contribute to the injury. If the sole immediate cause of the injury was the defendant's negligence, the plaintiff can recover, notwithstanding previous negligence of his own. *Miss. Central R. R. Co.* v. *Mason*, 51 Miss. 244.

It was negligence on the part of the appellant in blocking the highway as heretofore described. It is

clear that the appellee, in attempting to go home, found the road thus blocked. It was a very dark night. He was so situated that the very laws of necessity forced him to act in some way. In the nature of things, he must then and there decide to remain in the road for the night, or return to seek shelter at some neighbor's house, or attempt to go forward to his home. He chose the latter course, and did attempt to pass around the obstruction. Was this a reasonable decision for him to make, in the light of all the facts before him? Was it such a course that most any reasonable and prudent man would have adopted under similar circumstances? Was his negligence such as to amount to an utter disregard for his own safety, or did he use ordinary care and prudence? If so, he is not guilty of contributory negligence *per se.*

These were some of the questions necessarily before the jury, and it was for them to say whether appellee was guilty of such contributory negligence as would bar a recovery, and not for the court. It has been well said: "Where the facts are conceded, but the inference in regard to negligence is still doubtful, depending upon the general knowledge and experience of men, it is the judgment and experience of the jury, and not the judge, which is to be appealed to." We are of the opinion that, under the facts as contained in this record, the court was correct in submitting the case to the jury.

The learned counsel for appellant earnestly insists that the obstruction of the highway did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible. If counsel's position is correct, the instruction was improperly given, and defendant railroad company should have had a peremptory instruction. We think, however, from the record in this case, that the injury sustained by plaintiff is directly traceable to the obstruction of the highway by the defendant railroad company. It is manifest that the railroad company blocked the highway, and if this

negligence had not been committed by it the appellee would not have attempted to go this circuitous route, and this injury would not have befallen him. We think the blocking' of the highway was the proximate cause of the injury.

Counsel for appellant further insists that the instruction is fatally defective, because the jury are told, "if the plaintiff has shown by the evidence," etc. He contends that it should have read, "If the jury believe from the evidence," etc. We think this criticism too technical. The criticism does not go to the substance of the instrution, but rather to its form. Taking the instruction as applied to the facts, we think is substantially correct. But, should we be in error, the jury could not have been misled by it, when considered and construed in the light of instruction No. 3 given for appellant, and all other instructions in the case.

*Affirmed.*

Per Curiam. The above opinion is adopted as the opinion of the court, and, for the reasons there indicated by the Commissioner, the case is affirmed.