PARKER *v.* SOUTHERN RAILWAY COMPANY IN MISSISSIPPI.

[71 South. 912.]

1. RAILROAD. *Operation. Obstruction of crossing. Evidence. Documentary evidence. Certified copies.*

In a suit for damages caused by the blocking of a street by a railroad train; where the evidence showed that defendant's train blocked the street for one-half hour at midnight, preventing plaintiff from reaching her home from the depot of another railroad, and compelling her to stand out in a cold rain, thereby causing sickness, and ruining her wearing apparel, a peremptory instruction for the defendant was error.

2. SAME.

In such case, it was error to exclude the minute book showing an ordinance of the city in which the injury occured, prohi-

biting a railroad train to block a public crossing for a longer period of time than five minutes. The minute book was the original of the ordinance in question and was conpetent testimony, and material to plaintiff's case.

APPEAL from the circuit court of Leflore county.
HON. F. E. EVERETT, Judge.

Suit by Mrs. Cordelia Parker against the Southern Railway Company in Mississippi. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*M. B. Grace,* for appellant.

*Catchings & Catchings,* for appellee.

POTTER, J., delivered the opinion of the court.

This is an appeal from the circuit court of Leflore county by Mrs. Cordelia Parker, who was plaintiff in the trial court, and the Southern Railway Company in Mississippi was defendant there and appellee here.

Plaintiff alleged in her declaration that she was a resident of the city of Greenwood, and was residing on the north side of defendant's main line, and that on the 24th day of December, 1913, plaintiff left the depot of the Yazoo & Mississippi Valley Railroad Company, where she had been to meet her brother, about twelve o'clock at night, and was endeavoring to reach her home, and to do so it was necessary to cross defendant's railroad, and that a freight train of defendant was blocking all the crossings in said city in this immediate vicinity, and it was impossible for her to cross said railroad track and reach her home. She charged that it was a very cold, disagreeable night, and was raining very hard. In trying to cross at the Main street crossing she found it blocked, and appealed to a brakeman on defendant's train and asked him to have the crossing "cut" so that she could cross the tracks of

defendant, advising him that she was getting very wet
standing in the rain, and that the rain was cold, and,
notwithstanding her request, the defendant's said brake-
man willfully and negligently failed, neglected, and
refused to "cut" said crossing, notwithstanding there
was a locomotive attached to said train, and that the
crossing could have been "cut" with but little effort.
She further charged in her declaration that there was
a city ordinance of the city of Greenwood prohibiting
the defendant railroad company from keeping the streets
in said city blocked by cars or otherwise for a longer
period than five minutes; but, notwithstanding this,
she was forced and compelled by a willful violation of
said ordinance by said company to stand in a downpour
of rain for half an hour until she had been thoroughly
wet and chilled. She charged that she was made ill and
suffered much pain on account of her illness, and in
addition to this that her wearing apparel became wet
and was ruined and was rendered utterly unfit for fur-
ther use, and she brought her suit for fifty dollars dam-
ages to her wearing apparel, two thousand five hundred
dollars for personal injuries, and two thousand five hun-
dred dollars punitive damages.

In support of this declaration the plaintiff testified
that, in company with her husband, on the 24th day
of December, 1913, she went to the Yazoo & Mississippi
Valley depot in the city of Greenwood for the purpose
of meeting her brother, that the train was late, and
did not reach there until about twelve o'clock, and that
it was necessary for her to cross the Southern Railroad
tracks to reach her home. Leaving the depot that night,
she tried to cross at three different crossings, the Church
street crossing, the Walthall street crossing, and the
Main street crossing, and that all these crossings were
blocked by the cars of the appellee, that after she had
tried to cross at both the Church street and Walthall
street crossings she tried at the Main street crossing,
and, finding this blocked, she requested a brakeman in

the defendant's employ to "cut" the crossing and let her by, but that the brakeman replied that he could not do it and went on. She further testified that it was a very cold night and raining hard, and that she was kept standing at the Main street crossing for twenty minutes or more, and that she was compelled thereafter to go to another crossing, called the Howard street crossing, and stayed there about five minutes "before they cut the crossing there." The plaintiff testified that she was given a severe cold by standing in the rain on the night in question, that she had neuralgia for several days, and that she had a cold from the effects of the drenching she had received for two or three weeks. Her husband and brother testified to about the same effect. The plaintiff offered in evidence a certified copy of an ordinance of the city of Greenwood prohibiting railroad trains to stand on crossings for a longer period of time than five minutes. The defendant objected to the introduction of this ordinance, and put Mr. M. B. Grace, counsel for the plaintiff, on the stand, and proved by him that he prepared the certificate, and that Mr. Hicks, the city clerk, signed the certificate when he was at home in bed, and that the ordinance was copied from the minuates of the board of aldermen, and not from the ordinance book. Mr. Grace testified that the ordinance in question was copied from the minute book, but that it is the same as it is on the ordinance book. It is further proven that at the time the ordinance was copied from the minute book that the ordinance book had been misplaced, and that diligent effort to locate it had been made, but to no avail. In addition to offering the certified copy of the ordinance in question, the minutes of the board, with the original ordinance in question, were introduced in testimony. But upon objection of the defendant both the certified copy of the ordinance made by the clerk and the original ordinance as shown by the minutes were excluded as testimony, and the defendant

company upon its motion was granted a peremptory instruction.

The granting of the peremptory instruction in this case was error. The testimony for the plaintiff in this case showed a most willful disregard of plaintiff's rights, resulting in considerable injury to her. *Southern Railway Co.* v. *Floyd,* 99 Miss. 519, 55 So. 287; *Illinois Central R. R. Co.* v. *Engle,* 102 Miss. 878, 60 So. 1; *Terry* v. *New Orleans Great Northern R. R. Co.,* 103 Miss. 679, 60 So. 729, 44 L. R. A. (N. S.) 1069; *Anderson* v. *Railroad Co.,* 81 Miss. 587, 33 So. 840; *Railroad Co.* v. *Alexander,* 62 Miss. 496; *Railroad Co.* v. *Durfree,* 69 Miss. 439, 13 So. 697.

It was error also to exclude the minute book showing the ordinance of the city of Greenwood prohibiting a railroad train to block a public crossing for a longer period of time than five minutes. The minute book was the original of the ordinance in question and was competent testimony, and material to plaintiff's case:

*Reversed and remanded.*