[Civ. No. 3781. First Appellate District, Division One.—April 7, 1921.]

RODERICK V. DANIELS, Respondent, v. THOMAS F. McGUIRE, Appellant.

[1] APPEAL—ORDER GRANTING NEW TRIAL — GROUND — PRESUMPTION FROM RECORD.—Where a motion for a new trial made before the amendment of 1919 to section 657 of the Code of Civil Procedure was based on different grounds, including the insufficiency of the evidence to justify the verdict, and the order granting the motion was general in its terms, it may be presumed on appeal, in the absence of any other cause appearing in the record, that the motion was granted on the ground of the insufficiency of the evidence.

[2] NEW TRIAL—SUFFICIENCY OF EVIDENCE — DISCRETION. — A trial court has a wide discretion in granting or denying a motion for a new trial on the ground of the sufficiency of the evidence, and its action is conclusive, unless there has been an abuse of discretion.

[3] ID.—SUBSTANTIAL CONFLICT OF EVIDENCE—NEW TRIAL—ABSENCE OF ABUSE OF DISCRETION.—Where there is a substantial conflict in the evidence, the trial court will not be deemed to have abused its discretion when it has determined that the verdict or findings are against the weight of the evidence and that there should be a new trial.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. John T. Nourse, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur L. Shannon for Appellant.

Aitken, Glensor, Clewe & Van Dine and Aitken & Aitken for Respondent.

WASTE, P. J.—Plaintiff brought this action to recover damages from the defendant on account of alleged malicious prosecution. He averred that he was wrongfully accused by the defendant of opening, secreting, and embezzling letters transmitted through the United States mail, in violation of certain federal statutes. Two trials with jury have been had. The first resulted in a disagreement. On the second

trial, the present case, the jury returned a verdict for the defendant. Plaintiff made a motion for a new trial, which was granted, and from which order the defendant appeals.

The motion for a new trial was made on three grounds: Insufficiency of the evidence to justify the verdict; that the verdict was against law, and errors in law occurring at the trial and excepted to by plaintiff. While counsel for appellant asserts that the first of these grounds was the only one urged and considered at the hearing of the motion, the order granting the motion was general in its terms. It must, therefore, be affirmed if it could properly have been granted on any one of the grounds assigned.

Alleged errors on the part of the trial court in giving instructions prejudicial to the appellant, and its refusal to give others requested by appellant, were cured by the verdict in appellant's favor, as he admits, and do not avail on this appeal. [1] Aside from appellant's assertion that the insufficiency of the evidence to justify the verdict was the only matter urged in support of the motion for a new trial, we may presume it was granted on that ground in the absence of any other cause appearing in the record. (*Gordon* v. *Roberts*, 162 Cal. 506, 508, [123 Pac. 288].) [2] The courts have frequently commented upon the wide extent of discretion of the trial court in granting or denying a new trial on the ground of the insufficiency or the sufficiency of the evidence. Its action in this regard is conclusive in the appellate court, unless there has been an abuse of discretion. [3] And, if there is a substantial conflict in the evidence, the trial court will not be deemed to have abused its discretion when it has determined that the verdict or the findings are against the weight of the evidence, and that there should be a new trial. (*Gordon* v. *Roberts,* 162 Cal. 509, [123 Pac. 288]; *Morgan* v. *Los Angeles Pacific Co.,* 13 Cal. App. 12, 14, [108 Pac. 735].)

We think that on the main questions in controversy in this case there was sufficient conflict in the evidence to justify the court in concluding, as it must be deemed to have concluded, that justice would be promoted by a new trial. The decisive issues relate to the questions, whether defendant had probable cause for making the charge against plaintiff in the first instance and whether defendant was guilty of malice in making the charge in the next. The

appellant sought to maintain the existence of probable cause in law in making the charges against the respondent by proving that he acted on the advice of counsel. From our reading of the testimony we can well understand how the trial court may have entertained a doubt as to whether appellant made to his counsel, before receiving his advice, a full, fair, and honest statement of the facts then known to him, bearing upon the alleged guilt of the respondent. If he did not do so, he was not entitled to rely upon the defense of probable cause. (*Stone* v. *Wolfe*, 168 Cal. 261, 262, [141 Pac. 1190].) There is other evidence from which the trial court may well have concluded that appellant was not free from malice in making the charges against the respondent.

The order granting the motion for a new trial is affirmed.

Richards, J., and Kerrigan, J., concurred.