[Civ. No. 6051. First Appellate District, Division Two.—May 28, 1928.]

HANLON DRYDOCK AND SHIPBUILDING COMPANY (a Corporation) et al., Respondents, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

Ford, Johnson & Bourquin for Appellant.

Fitzgerald, Abbott & Beardsley for Respondents.

NOURSE, J.—Plaintiffs sued for damages alleged to have been caused by defendant's negligence in permitting one of its freight trains to remain standing an unreasonable length of time across the public streets leading into the plant of the Hanlon Drydock and Shipbuilding Company located on the waterfront in East Oakland. The damage to plaintiffs is alleged to have resulted from a fire which broke out in this plant and which could not be reached by the fire department because the only means of ingress were obstructed by defendant's train. The cause was tried before a jury, which returned a verdict for the defendant. The trial judge granted plaintiff's motion for a new trial upon the grounds of insufficiency of the evidence and that the verdict was against law. Defendant has appealed from this order upon a typewritten transcript. As the Hanlon Drydock and Shipbuilding Company is the real party in interest, we will hereafter refer to it as the plaintiff and respondent.

In appeals of this nature, where a new trial has been granted on the ground of insufficiency of the evidence, the action of the trial judge "is conclusive upon the appellate court, unless there has been an abuse of discretion" (*Daniels v. McGuire*, 52 Cal. App. 188, 189 [198 Pac. 421]), because the trial judge "must weigh and consider the evidence of both parties and determine for itself the just conclusion to be drawn from it; and it is the duty of such court to grant a new trial if not legally satisfied with the decision" (20 Cal. Jur., p. 111). When, therefore, an appeal is taken from an order granting a new trial on this ground it is incumbent upon the appellant to show that the trial judge

abused the discretion lodged with him and this can rarely be done except by showing that there is no evidence which would have supported a verdict for the respondent.

Assuming this burden the appellant contends that there is no evidence of negligence on its part, that the alleged acts of negligence were not the proximate cause of any of respondent's loss, that the respondent was guilty of contributory negligence as a matter of law, and that its damage was purely speculative. ▪ At the outset it is pertinent to say that when an appeal is taken upon a typewritten transcript the appellant is required to print in its brief, or in a supplement appended thereto, such portions of the record as it desires to call to the attention of the appellate court. (Sec. 953c, Code Civ. Proc.) The appellant here has made no pretense of meeting the demands of the statute, but merely states that there is no evidence to show negligence on the part of the engineer, or conductor of the train, or of any other employée of the company. The respondent points out that the undisputed evidence is that at about 8:40 P. M. of September 6, 1923, the freight train, containing forty-four cars and measuring about eighteen hundred feet in length, left the yards of the appellant in West Oakland, being pulled by a regular passenger engine; that, before it had proceeded a mile from the starting point, the engineer discovered that the steam pressure was dropping and that fire was flashing "from the firebox into the cab"; that though he knew that "something was wrong" he continued on his way for more than a mile to Ninth Avenue at a continually decreasing speed until the train stopped because the steam pressure was so low that the brakes were applied automatically and the engine could not move the cars; that the engineer thereupon detached the engine from the train, ran the engine into the roundhouse, and left the cars standing without an engine for a period of an hour and three-quarters; that these public thoroughfares—Fifth Avenue and Ninth Avenue—were thus obstructed, shutting off all means of ingress and egress from the plant of respondent and of other industrial concerns in the vicinity; that, though the engineer, conductor, and brakeman all telephoned to the offices of appellant, no attempt was made to move the train, or to "break" it at either street crossing, until after the company was notified that a fire had broken

out in respondent's plant. In addition to this undisputed evidence the respondent argues that the court and jury should take judicial notice that for a dstance of about half a mile the right of way of appellant was not intersected by any public street crossing and from this it is said that negligence might be inferred from the failure of the engineer to stop in this space when he knew that his engine was out of order and that it was gradually failing to pull the train. Attention is also directed to the rules of the appellant company which prohibit leaving trains standing upon a street crossing, and from this it is argued that appellant was negligent both in not stopping before reaching Ninth Avenue, and in not breaking the train at these crossings until the lapse of an hour and three-quarters.

There is ample authority for the rule that the unexplained blockading of a street crossing by a railroad train is negligence on the part of the railroad company. (*Southern Ry.' Co.* v. *Floyd,* 99 Miss. 519 [55 South. 287, 288]; *Central of Georgia Ry. Co.* v. *Chambers,* 183 Ala. 55 [62 South. 724, 727]; *Chicago, B. & Q. R. Co.* v. *Roberts,* 3 Neb. (Unof.) 425 [91 N. W. 707, 709]; *Matoza* v. *Southern Pac. Co.,* 59 Cal. App. 636, 640 [211 Pac. 252]; *Houren* v. *Chicago, M. & St. P. Ry. Co.,* 236 Ill. 620 [127 Am. St. Rep. 309, 20 L. R. A. (N. S.) 1110, 86 N. E. 611, 613].) The respondent may safely rely on this rule, having shown sufficient evidence to make out a *prima facie* case of negligence. The appellant, not having printed the evidence in explanation of its unreasonable delay in removing the obstruction, has failed to show error in this respect.

The appellant argues that the acts complained of were not the proximate cause of any of the damage to the respondent. Here again the appellant has failed to print the evidence upon which it relies. The respondent directs our attention to the evidence showing that two companies of firemen responded to the alarm, that they were unable to cross the railroad tracks with their apparatus, and that, after some delay, they climbed through the train and went on foot to respondent's plant, where they endeavored to control the fire with the inadequate hose on the premises. It also appears that after a half hour's delay the fire apparatus was brought up and the fire was then quickly extinguished. Expert witnesses testified that but for this delay the fire

could have been extinguished sooner and the greater part of respondent's property could have been saved. These facts bring the issue within the rule of *Houren* v. *Chicago, M. & St. P. Ry. Co., supra.*

The issue of contributory negligence is argued on the theory that respondent should have provided better fire-fighting equipment and employees experienced in fighting fires. The suggestion is also made that respondent was negligent in dumping rubbish in the yard at the point where the fire started. The appellant does not cite any authorities to support its argument that such acts constitute contributory negligence as a matter of law. The rule is settled that when the question of contributory negligence is one upon which reasonable minds might differ it is a question of fact and not one of law. (*Erdevig* v. *Market St. Ry. Co.,* 203 Cal. 367 [264 Pac. 252].)

Finally, it is argued that respondent could not recover in any event because the damages it suffered were speculative, contingent, and remote. When the acts complained of are the proximate cause of the damage suffered the guilty party is not to be relieved merely because the extent of the damage cannot be accurately measured. (17 Cor. Jur., p. 756, 759; *Learned* v. *Castle,* 78 Cal. 454, 461 [18 Pac. 872, 21 Pac. 11].) It has been said that where the circumstances are such that an exact computation of the damages cannot be made, ''the approved practice is to leave it to the good sense of the jury, as reasonable men, to form from the evidence the best estimate that can be made under the circumstances, as a basis of compensatory damages for the actionable injury.'' (*Jenkins* v. *Pennsylvania R. Co.,* 67 N. J. L. 331 [57 L. R. A. 309, 51 Atl. 704, 705].) Here the evidence tended to prove that when the firemen endeavored to cross the railroad tracks the fire was confined to a rubbish pile in the yard and had not reached the building in which the property lost was stored. It is respondent's contention that if the street had not been blocked by appellant the firemen would have been able to prevent all this loss and hence that the damages could have been easily ascertained.

The order is affirmed.

Koford, P. J., and Sturtevant, J., concurred.