[Sac. No. 602.    Department Two.—March 17, 1900.]

## R. E. McKENNA, Appellant, v. JOHN HEINLEN et al., Respondents.

Malicious Prosecution—Civil Action for Money Misappropriated—Evidence—Correctness of Accounts — Cross-examination—Items of Misappropriation not Sued for.—In an action for the malicious prosecution of a prior civil action for the recovery of money alleged to have been misappropriated by the defendant therein while in the employment of the plaintiff therein, where the employee suing for the malicious prosecution testified in chief to the correctness of all the books of account kept by him while in the service of his employer, he may be properly cross-examined as to items of the account not included in the prior action, to test the accuracy of his statement, by showing misappropriations discovered since the original action was brought.

Id.—Limitation of Evidence—Want of Probable Cause—Failure of Plaintiff to Request Instruction—Ruling not Prejudicial.—The defendant in the action for malicious prosecution could not establish probable cause for the prior action by showing the incorrectness of items of account not included therein, and thereafter discovered to be incorrect; and the plaintiff was entitled to an instruction limiting the evidence introduced on cross-examination as to such items to the purpose for which they were admissible, and telling the jury to disregard evidence of misappropriation of which the defendant had no knowledge when he brought the original action, as showing probable cause therefor. Upon failure of the plaintiff to request such instruction limiting the evidence, he will not be deemed prejudiced by its admission.

Id.—Malice—Want of Probable Cause—Inference—Insufficiency of Proof—Nonsuit.—The plaintiff in an action for malicious prosecution must establish both malice and want of probable cause for the prosecution. Malice may be inferred from want of probable cause, but the latter can never be implied from proof of malice; and where the evidence for the plaintiff fails to show want of probable cause, a nonsuit is proper upon that ground.

Id.—Failure of Original Action.—No inference of want of probable cause for the original action can follow from the mere fact that the party who brought it failed to recover judgment therein, and that judgment passed against him.

Id.—Evidence of Attorney—Showing of Facts upon Which Action Proceeded—Rule as to Advice of Counsel Inapplicable.—Where the evidence of the attorney for the plaintiff in the original action is offered, not to show probable cause, but merely to show the facts upon which the action proceeded, from which the court

might determine whether there was a want of probable cause, the rule that the advice of counsel will not conclusively shield the party unless he has made a full and fair disclosure of all the facts does not apply to the case. .

Id.—Probable Cause for Prosecution—Examination of Books by Expert—Prima Facie Showing—Books not Known to Exist.—Where it appears that the action to recover misappropriated money was begun after the examination of all known books by an expert, and that the most of the items set forth in the complaint therein presented, so far as those books showed, an apparent misappropriation by the defendant, probable cause for the prosecution is thereby established; and the fact that the defendant was able to explain the discrepancy in the books by other books not known by plaintiff to exist when the action was brought, does not establish want of probable cause for bringing the action.

APPEAL from a judgment of the Superior Court of Kings County and from an order denying a new trial. J. W. Mahon, Judge, presiding.

The facts are stated in the opinion.

Rowen Irwin, and Charles G. Lamberson, for Appellant.

R. E. Houghton, for Respondents.

CHIPMAN, C.—Action for malicious prosecution. The court made an order granting defendants' motion for nonsuit and entered judgment accordingly, from which, and from an order denying his motion for a new trial, plaintiff appeals. The original suit, which is complained of as having been maliciously instituted, was a civil action for the recovery of money alleged to have been appropriated by McKenna while in the employ of John Heinlen, and resulted in a judgment in favor of McKenna. Heinlin appealed from the judgment to this court; the appeal was dismissed and the judgment became final. Thereupon McKenna, plaintiff herein, brought this action against John Heinlen and joined M. A. Heinlen as defendant, alleging that the latter conspired with John to bring the original action.

1. Appellant claims error in this, that when plaintiff was under cross-examination as a witness the court permitted defendants, over plaintiff's objection, to cross-examine him as to items other than those set out in the original complaint. The

objection went to the relevancy of the evidence, that it was not cross-examination, and "that the attempted examination was not concerning any matter which was in the original case of *Heinlen v. McKenna,* for the malicious prosecution of which this action was brought." It appears that from June, 1886, until December 1, 1893, plaintiff was in the employ of John Heinlen, who was conducting a large ranch near Lemoore, Kern county, bought and sold cattle, ran a butcher shop and a warehouse. Plaintiff attended to much of this business and was also bookkeeper until the latter part of January, 1889, and after that he kept the books part of the time. In May, 1894, John Heinlen commenced the original action against McKenna, which the latter in this present action alleges was maliciously brought. In the complaint Heinlen alleged that McKenna had received certain specific sums of money while in Heinlen's service, and belonging to the latter, for which he failed to account; in that action McKenna answered denying the indebtedness, and set up a counterclaim, and at the trial the jury gave him the verdict. In the present case he was called as a witness in his own behalf and testified to the nature and extent of his employment, and, at the conclusion of his testimony in chief, 'testified that he turned over all the books to M. A. Heinlen when he quit John's service and added: "Those books showed and contained a true and correct statement of all my business affairs that I conducted for John Heinlen during the period of time which they covered." He was not interrogated as to any of the items specified in the original complaint. The cross-examination complained of related to the correctness of items found in the books of account, other than those specified in the original complaint; it was simply an effort by defendants to show probable cause for charging certain specific acts of misappropriation by proving on cross-examination certain other and separate acts which apparently came to defendants' knowledge after the original complaint was filed, and could not have been a moving cause for the suit brought against plaintiff. We do not think that defendant could by this means make out a case of probable cause. When Heinlen brought his original action it was upon information he then had, and he could not justify by showing that he afterward discovered other evidences of McKenna's want of fidelity or of

misappropriation of funds, for such subsequent information could not have constituted grounds for suspicion at a time when he was ignorant of these facts subsequently discovered. But McKenna had testified that he turned over all the books and that they represented the transactions between the parties correctly and were in all respects true and correct. The inference to be drawn from such testimony was that Heinlen had correct information at the time he brought his action, in the face of which he proceeded to McKenna's injury. The books as a whole and entire record of his stewardship were thus made a part of plaintiff's case and their entire correctness vouched for. By his testimony McKenna not only asserted the correctness of the books as to the items in question in the original action, but in all other respects. McKenna undertook to convey to the jury the impression that Heinlen acted in disregard of information in his hands, as to the items in question, by asserting the correctness of the books as a whole. He thus made it legitimate cross-examination to test the accuracy of his statements by referring to other entries in the books. He would have been entitled to have the facts limited in their application had he asked the court to do so. He could have had the jury instructed to disregard evidence of misappropriations of which Heinlen had no knowledge when he brought the original action, as showing probable cause. But as he failed to do this, and as the evidence was admissible for some purposes, we cannot say that there was prejudicial error in the ruling.

2. The record does not disclose the grounds on which the court based the order. It is well settled that before a plaintiff can recover in an action for malicious prosecution he must establish concurrently that the defendant proceeded in the action brought by him with malice and without probable cause. The question of malice is one for the jury exclusively, but the court must determine, as matter of law, whether the facts and circumstances as they appear, or are found to exist, constituted probable cause. The governing principles in cases of this character have been so often and so fully set forth by the court as to make a discussion of them supererogatory. (*Ball v. Rawles*, 93 Cal. 222; 27 Am. St. Rep. 174, and cases therein referred to; *Smith v. Liverpool etc. Ins. Co.*, 107 Cal. 432, and other cases.)

If, therefore, it appeared from the evidence at the close of

plaintiff's case that he had failed to show either malice or want of probable cause, the court was justified and the order must be sustained. Aside from evidence bearing upon the question of malice, the testimony is slight, and is substantially without conflict. Plaintiff introduced the pleadings and final judgment in the original action brought by defendant John Heinlen. These documents established the fact of final judgment only, and no inference is to be drawn from the failure of defendant in that action that he had not probable cause to bring it.

Plaintiff testified in chief to his employment by defendant, John Heinlen, the time of his discharge, December 1, 1892, the nature of his duties, which included the keeping of the books and a sort of general management of the business; that shortly after his discharge (December 9th) he had a settlement with defendant M. A. on behalf of John Heinlen, and took a receipt signed J. Heinlen, by M. A. Heinlen, for twenty-seven dollars and thirty-five cents "in full of account"; that about May 10, 1895, John Heinlen brought the action of which he complains; that on quitting Heinlen's service he turned over all the books, and that they were true and correct. Upon cross-examination he testified that he understood the receipt given him by Heinlen to be a final and full settlement of their mutual transactions, but he did not testify that Heinlen so understood it. This cross-examination covers over six hundred and fifty folios of the transcript and embraced a very wide range of inquiry. Disregarding the examination concerning matters not set forth in the original complaint, which tended to support defendants' claim of probable cause, the evidence fails to show that defendants acted without probable cause. The witness Wolffe testified to a conversation between defendant, John Heinlen, and some persons in September, 1894, several months after the original suit was brought, in the course of which he heard Heinlen say: "McKenna was a rascal, and he would prove it by the books. Then he said something that he would law him as long as he, Mr. Heinlen, had a dollar." Other witnesses testified to this circumstance. Evidence was also given which tended to show that defendant, M. A. Heinlen, expressed a similar opinion of McKenna. But this evidence goes only to the question of malice, and while it is true that malice may be inferred from want of probable cause, the

latter can never be implied from malice. (*Grant v. Moore*, 29 Cal. 644.) Plaintiff also called as a witness H. L. Smith, Esq., the attorney of defendant, John Heinlen, in the original action, who testified by consent of his former client as to the facts laid before him and the advice he gave in the matter, the purpose being to show that defendants did not state to the attorney all the facts. It will be observed that this evidence was not offered by defendants to show probable cause; the rule that the advice of counsel will not conclusively shield the party, unless he make a full and fair disclosure of all the facts, does not therefore apply. The evidence of the attorney, where the plaintiff offers it, like the evidence of any other witness, goes only to show upon what facts the plaintiff in the original action proceeded, from which the court may determine whether there was want of probable cause. Mr. Smith testified that the warehouse book of Heinlen for the years 1888, 1889, and 1890 was not shown him before the action was brought, and no letter-book containing press copies of letters written by McKenna was shown him, although these books came into his possession a few days or weeks afterward. He also stated that Mr. Hatfield, the expert who examined the books, was present when he advised his client and submitted to him such facts as he had at that time discovered. It appeared also from his evidence that he obtained many facts and sources of evidence to be used at the trial from G. A. Heinlen, who died before the action was tried, and upon whom the witness had relied to marshal the evidence for the trial. He testified that from the facts laid before him he advised that there was sufficient to maintain the action as to the items included in the original complaint. It appeared from his testimony that certain items at the trial were abandoned for want of proof to sustain them, and it also appeared that the warehouse book and the letter-book would have explained certain entries in the books of account. It is clear, however, from the testimony of this witness that, with the exception of certain items, not many in number, the most of the items in the original complaint presented, so far as the books showed, an apparent misappropriation by McKenna, and Mr. Smith's testimony not only failed to show want of probable cause for the suit, but affirmatively showed probable cause. The most that can be said of the evidence introduced by plain-

tiff is that there were sources of information not fully explored by Heinlen when he brought his action which, if followed out, would have changed the aspect of the case in some particulars only, but not as to others. Heinlen was not bound to exhaust all means of knowledge before proceeding. He did not act until after an expert examination of the books, and when he did act the circumstances were sufficiently strong to warrant him as a reasonable man to believe that McKenna had misappropriated money belonging to him. Fortunately for McKenna's reputation, he was able at the trial, in the opinion of the jury, to explain the circumstances pointing to his violation of the trust reposed in him and to relieve himself from the charge made against him, but that fact does not prove or tend to prove that Heinlen acted without probable cause.

After a careful examination of the evidence as it stood when plaintiff rested, we are of the opinion that the judge rightly granted the nonsuit on the ground that plaintiff failed to make a *prima facie* case of want of probable cause.

The judgment and order should be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., Temple, J., McFarland, J.