[L. A. No. 3362.   Department One.—July 9, 1914.]

## W. H. STONE, Respondent, v. ISAAC WOLFE, Appellant.

MALICIOUS PROSECUTION—PROBABLE CAUSE—ADVICE OF COUNSEL—FAIL-
URE TO DISCLOSE ALL KNOWN FACTS.—The defendant, in malicious
prosecution, cannot maintain the existence of probable cause in law
by proving that he acted upon the advice of counsel, unless he also
shows that he made to such counsel before receiving the advice, a
full, fair, and honest statement of the facts then known to him
bearing upon the guilt of the accused person. In the present case,
the evidence is held sufficient to warrant the conclusion that the
defendant did not disclose to his counsel all the facts known to him.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Baird & Gerecht, for Appellant.

Charles S. McKelvey, for Respondent.

SHAW, J.—The defendant appeals from the judgment
upon the judgment-roll and a bill of exceptions setting forth
the evidence.

The plaintiff sued for damages for malicious prosecution,
alleged to have been instituted against him by the defendant,
maliciously and without probable cause.   In his defense, the
defendant claimed that the prosecution was begun and main-
tained in good faith, without malice, upon the advice of coun-
sel that there was probable cause, after he had made to the
counsel a full statement of the facts.

The evidence shows that the charge against the plaintiff was
that of obtaining money under false pretenses.   Stone had
agreed to build a house for Wolfe, upon an arrangement that
Stone was to employ the workmen and buy the material for
Wolfe, and that Wolfe was to furnish Stone with money to
pay for the material and labor as the work progressed and the
bills became due.   On May 13, 1911, Stone stated to Wolfe
that he needed two hundred and fifty dollars to pay wages for
that week, whereupon Wolfe paid him that sum.   The time-
book for the week, kept by the foreman at the house, showed

that only $207.25 was due to the men working on the house for that period. Upon discovering this fact, Wolfe began the prosecution, claiming that Stone had procured the excess of $42.75 by means of a false statement as to the amount needed. There was evidence to the effect that some men were working in Stone's shop making window frames for that house, and that the $42.75 was owing to them, and was paid to them by Stone. This, if true, showed that Stone's statement was not false and that there was, in fact, no cause for the prosecution. There was also evidence to show that Wolfe knew that these men were working at the shop on the frames, and that in his statement to the district attorney he exhibited the timebook for the men at the house, but said nothing at all about the men working at the shop upon the frames.

The defendant, in malicious prosecution, cannot maintain the existence of probable cause in law by proving that he acted upon the advice of counsel, unless he also shows that he made to such counsel before receiving the advice, a full, fair, and honest statement of the facts then known to him bearing upon the guilt of the accused person. (*Dawson* v. *Schloss,* 93 Cal. 202 [29 Pac. 31] ; *Dunlap* v. *New Zealand etc. Co.,* 109 Cal. 371, [42 Pac. 29] ; *Bliss* v. *Wyman,* 7 Cal. 257 ; *Wild* v. *Odell,* 56 Cal. 136.) From the evidence the trial court was justified in concluding that Wolfe knew of the men working at the shop and making frames for the house, to whom the remainder of the money might have been paid, but that he did not disclose this fact to his counsel or to the district attorney, in making his statement to them. This being the case, the defense of advice of counsel would not be available to defendant.

No other point is made in support of the appeal, and we find no error in the record.

The judgment is affirmed.

Sloss, J., and Angellotti, J., concurred.