[Civ. No. 7467. First Appellate District, Division One.—March 27, 1931.]

GEORGE SMITH MacGRUER et al., Appellants, v. PAUL E. DENIVELLE, Respondent.

Vincent Surr and Clarence E. Todd for Appellants.

John Guthrie Heywood for Respondent.

WARD, J., *pro tem.*—This is an appeal by plaintiffs from a judgment in favor of defendant in an action for maliciously obtaining an injunction. The respondent Denivelle had been in the imitation travertine business in eastern states; about 1912 he became the supervisor of all artificial travertine work for the Panama Pacific International Exposition at San Francisco. At such time the appellants MacGruer and Simpson (co-partners) had a contract for plain and ornamental plastering on Machinery Hall, one of the Panama Pacific International Exposition buildings. During this period appellants informed respondent that they had a contract to do a large artificial travertine job in Los Angeles, whereupon respondent threatened to prevent the appellants from further manufacturing artificial travertine,

claiming such manufacture to be an infringement of a patent then held by respondent. Subsequently, appellants started the work in Los Angeles and respondent secured a preliminary injunction from the District Court of the United States for the Northern District of California, Southern Division, upon the grounds that Denivelle was the sole and exclusive owner of United States·letters patent (No. 1,212,-331); that said letters patent had theretofore been adjudged good and valid in law; that MacGruer and Simpson were infringing upon the letters patent by practicing for profit, without license, the process claimed in and patented by the letters patent in using and selling the product claimed therein. A simulation of Roman travertine limestone was the process of the patent referred to in the injunction proceedings. The decision in *Los Angeles Lime Co. and Paul E. Denivelle* v. *Nye,* and the same plaintiffs v. *Ceriat,* 270 Fed. 155, had sustained the validity of this patent, but in the injunction proceedings against MacGruer and Simpson upon evidence not introduced in the previous cases, the court decided: "In the instant suit, however, the evidence is widely variant from that in the former suit, and requires a contrary decision. It now appears that claims 9 and 10 for the product of the process, were added to the application theretofore filed, by amendment without oath. The application was for a process alone, neither disclosed nor claimed invention of its product, and the absence of an oath avoids the patent to the extent of said claims. . . . More than two years' public use having been clearly established, the burden was plaintiff's to prove by full, unequivocal and convincing evidence that the use was experimental only. . . . Therein he failed." On appeal the Circuit Court decided: "We conclude that the patent is invalid for the reason that more than two years prior to plaintiff's application for the patent he had placed the process and product of the invention on sale, and had sold both the process and product to the Pennsylvania Tunnel and Terminal Railroad Company for a profit." .

The present action was shortly thereafter filed in which MacGruer and Simpson allege that by reason of "said malicious obtaining of said injunction" they were damaged by the loss of profits in the sum of $150,000. The complaint alleges that "Denivelle in his application for said patent

made a false oath"; "that more than two years prior to the filing of said application for said patent said defendant Denivelle had placed the process and product of the said invention on sale in the United States and had sold in the United States both the process and the product for profit"; that "although at said time he well knew that said patent was void, invalid and of no force or effect, maliciously and without probable cause filed a bill of complaint", etc. The court rendered judgment for the defendant.

█ Appellants contend that the decision in *Denivelle* v. *MacGruer, supra,* is *res judicata* and constitutes conclusive proof that Denivelle never had a patent and knew that he never had and that the state court was without power to try this issue. The decisions in *Denivelle* v. *MacGruer* did not determine that Denivelle made a false oath or that he knew that he never had a valid patent. The decisions simply determined that the patent was invalid. The whole opinion in the District Court of the United States for the Northern District of California, Southern Division, may be epitomized in the following quotation: "More than two years' public use having been clearly established, the burden was plaintiff's to prove a full, unequivocal and convincing evidence that the use was experimental only. . . . Therein he failed." On appeal the Circuit Court affirmed the lower court, but there is no holding that Denivelle made a false oath or that "he knew that he never had a patent". On the subject of *res judicata,* appellants cite many authorities with which we agree in principle, namely, that judicially determined matters cannot again be the subject of legal controversy between the same parties, but the questions herein involved were not judicially determined. In the United States court the question was the validity of a patent, and not whether Denivelle made a false oath.

The main question to determine here is the issue, did Denivelle, knowing his patent to be void, without probable cause, maliciously and with intent to injure MacGruer and Simpson, procure a preliminary injunction wherein they were enjoined and restrained from using, *et cetera,* the artificial stone embodying the invention of the claimed letters patent?

" 'Probable cause' has sometimes been defined as reasonable cause . . . ; and in the case of both civil and criminal

prosecutions has been further defined to be an honest suspicion or belief on the part of the instigator thereof, founded upon facts sufficiently strong to warrant a reasonable man in believing that the charge is true.'' (*Black* v. *Knight*, 44 Cal. App. 756, 769 [187 Pac. 89, 94].)

The fact that a party may fail to sustain an action does not in and of itself constitute want of probable cause and no inference may be drawn from that fact alone that there was a want of probable cause. (*Johnson* v. *Southern Pac. Co.*, 157 Cal. 333 [107 Pac. 611]; *McKenna* v. *Heinlen*, 128 Cal. 97 [60 Pac. 668]; 16 Cal. Jur., p. 750, sec. 17.)

Probable cause is a question of fact to be determined from all of the circumstances surrounding the institution of the original proceeding. The proof of want of probable cause is upon the party so alleging. At the conclusion of such evidence, the opposing party may interpose the defense of probable cause. (*Levy* v. *Brannan*, 39 Cal. 485; 16 Cal. Jur., p. 748, sec. 16.)

In the present case the trial court found that there was probable cause for the filing of the injunction proceedings. To approve that finding we need only refer to the fact that prior to the filing of the MacGruer injunction application, these same patents had been declared valid by the United States Circuit Court in *Los Angeles Lime Co.* v. *Nye*, 270 Fed. 155. A successful determination of an issue rather indicates probable cause for bringing a second suit, notwithstanding that in the last action the same conclusion may not be maintained. (See *Dowdell* v. *Carpy*, 129 Cal. 168 [61 Pac. 948].)

''The general rule is well settled in this state, following the common-law doctrine, that no action for damages can be prosecuted against a plaintiff in an action from fact *per se* that the action was unsuccessful or abated. The action must have been prosecuted maliciously and without probable cause or the plaintiff cannot be made liable for bringing it.'' (*Vesper* v. *Crane Co.*, 165 Cal. 36, 41 [L. R. A. 1915A, 541, 130 Pac. 876, 878].) The two essentials, malice and want of probable cause, must appear from the evidence or the action must fall. Malice is the basis of the action and we will therefore consider that question as applied to this case.

Actual malice is an element in the cause of the action. (*Burke* v. *Watts*, 188 Cal. 118 [204 Pac. 578].) ▆ Malice refers to the condition of mind; first, that bad faith exists or a want of sincere belief that the cause is a proper cause, and second, an intent to injure (*Griswold* v. *Griswold*, 143 Cal. 617 [77 Pac. 672]). Malice is a question of fact (*Burke* v. *Watts, supra*). The trial court found that there was no malice on the part of the respondent in prosecuting or in procuring the issuance of the preliminary injunction.

It appears from the evidence that Denivelle knew from one of the employees of MacGruer and Simpson that the travertine plaster was a distinct process from any known to Denivelle. It was admitted by the respondent herein that he had been told that MacGruer and Simpson were using calcium carbide in their process, but he also testified: "When I received these samples, I could not tell whether they were made by the use of calcium carbide for the purpose of making voids in the material. . . . I presumed they were made by the process covered by my patents, naturally. . . . I now believe that they infringed my patent as much as I did at the time I brought the suit." ▆ A defendant in an action for maliciously securing an injunction may testify directly as to his motive and good faith (*Runo* v. *Williams*, 162 Cal. 444 [122 Pac. 1082]). The trial court was justified from the foregoing and other evidence in finding that the defendant did not maliciously or with intent to injure plaintiffs move for a preliminary injunction. Appellants failed by the test of a preponderance of evidence to prove that respondent, maliciously and without probable cause, obtained the preliminary injunction, and hence the judgment for defendants will be affirmed.

Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 25, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 25, 1931.