[Civ. No. 11108.  Second Appellate District, Division One.—April 12, 1937.]

GLENN DAVIDSON, Respondent, v. ALFRED A. DE SOUSA, Appellant.

Michael Lavelle and Paul Taylor for Appellant.

Dailey S. Stafford for Respondent.

HOUSER, P. J.—From a judgment that was rendered against him in an action for damages that arose from an alleged malicious criminal prosecution of plaintiff by defendant, the latter has appealed to this court.

The principal complaint of appellant is that the evidence was insufficient to support the judgment; and that especially was the evidence insufficient in regard to the findings that were made by the trial court to the effect that in causing the arrest and prosecution of plaintiff, defendant acted maliciously and without probable cause.

With respect to the evidence generally, it appears that the purported cause of the arrest of plaintiff arose from a dispute that occurred between plaintiff, who at the time was in defendant's employ, and a foreman of a department of defendant's business, in which dispute defendant later joined, with the result that a physical encounter occurred between

plaintiff and defendant in which defendant came off "second best"; following which, in the course of about a week next thereafter ensuing, with respect to the incident defendant reported it to the police department, had two separate interviews with his private attorney, consulted a deputy in the office of the district attorney, and thereafter swore to a criminal complaint by reason of which plaintiff was placed under arrest and lodged in jail. But on the preliminary hearing of the action plaintiff was discharged and the action was dismissed. As might be anticipated, on the question of how the fight between plaintiff and defendant started, who provoked the attack, and what each of the interested parties said or did in the course of the happening of the controversy and the resulting combat, were the subjects of much diverse testimony especially by the respective parties thereto; and as to the remaining witnesses, the testimony given by them differed greatly in substance and effect, one from the other, dependent almost entirely upon the "side" in favor of which any witness gave his testimony. Each of the principals charged the other as having been the persistent aggressor throughout. But however that in fact may be, judging from the findings which were made by the trial court, plaintiff's version of the episode was that which was adopted as representing the truth and which reflected the situation as one in which plaintiff was consistently either acting in self-defense of defendant's physical attacks upon him, or attempting by flight to altogether avoid such attacks. Nothing useful to anyone could result from an endeavor to herein set forth even a *résumé* of the evidence; suffice it to say, that after a careful review thereof, this court is satisfied that the conclusion that was reached thereon by the trial court was justifiable.

■ With reference to the instant action, and particularly as bearing upon the essential element of lack of probable cause for the criminal prosecution of plaintiff, assuming, as in effect was especially found by the trial court, that in order to secure the arrest of plaintiff, the story of the encounter as was related by defendant in the main was not made in good faith, but to the contrary, was wilfully untrue, it should follow that appellant has no real ground for here asserting the existence of probable cause for instigating such prosecution. In other words, it appearing that defendant

either knowingly misrepresented the material facts, or at least was altogether mistaken with regard to the determinative facts of his narrative, he had no cause, either probable or justifiable, for initiating a criminal action against plaintiff. ■ More briefly and impersonally stated, in an action for malicious prosecution, in order that a defense of probable cause, founded upon legal advice, may be availing, first of all, such advice must have been based on the entire good faith of the defendant in the presentation of his statement of facts; besides which it must appear that before such advice was given, the attorney giving it was furnished not only with a statement of *all* the facts of the case, but as well, that such statement was true, at least with respect to its material and determinative details. (*Starkweather* v. *Eddy*, 210 Cal. 483, 487 [292 Pac. 467], and cases cited; *Murphy* v. *Davids*, 181 Cal. 706 [186 Pac. 143]; *Stone* v. *Wolfe*, 168 Cal. 261 [141 Pac. 1190]; *Scrivani* v. *Dondero*, 128 Cal. 31 [60 Pac. 463]; *Dunlap* v. *New Zealand F. & M. I. Co.*, 109 Cal. 365 [42 Pac. 29].)

■ So with the element of malice: Although probable cause for instituting a criminal action may tend to show lack of malice therein, the existence of probable cause (based upon advice of counsel) would not necessarily be conclusive that in fact malice was not the underlying cause of the prosecution. (*Ball* v. *Rawles*, 93 Cal. 222 [28 Pac. 937, 27 Am. St. Rep. 174]; *Green* v. *Stewart*, 106 Cal. App. 518 [289 Pac. 940]; *Harkrader* v. *Moore*, 44 Cal. 144.) On the other hand, the absence of probable cause affords a rather clear indication in itself that malice was the activating agent in the prosecution. (*McAfee* v. *Los Angeles Gas etc. Corp.*, 215 Cal. 219 [9 Pac. (2d) 212]; *Rheinhardt* v. *Reitz*, 176 Cal. 209 [167 Pac. 865]; *Runo* v. *Williams*, 162 Cal. 444 [122 Pac. 1082]; *McKenna* v. *Heinlen*, 128 Cal. 97 [60 Pac. 668]. See, also, 16 Cal. Jur. 746.) ■ Hence the trial court's finding of malice, which was justifiable not only upon the lack of probable cause, but also upon additional independent facts which consisted of acts unexplainable except that they were designed by defendant to harass, vex and annoy plaintiff, from a legal standpoint would seem to be clearly unobjectionable. Considering the entire evidence, and keeping in mind the duty of the trial court to sift the evidence, together with the limitations on the authority of this court which require the assumption that in reaching its ulti-

mate conclusion with respect to the facts, the trial court made use of that evidence only which would support its findings and judgment, as a matter of law it is impossible to declare the existence of probable cause and the lack of malice in the prosecution of which complaint is made.

■ Appellant further complains that a judgment of $2,500 is excessive. But from the record herein it appears that in his defense of the criminal action that defendant caused to be instituted against plaintiff, the latter either expended or became liable for the payment of $500 for attorney's fees; and since beside spending a week in jail, plaintiff suffered therefrom not only the attendant humiliation and disgrace, but that as well, on account of such incarceration was caused to suffer numerous and sundry physical ailments, the judgment is not such as to "shock the sense of justice". (*Martin* v. *Shea*, 182 Cal. 130 [187 Pac. 23]; *Kelley* v. *Hodge Transp. System*, 197 Cal. 598 [242 Pac. 76]; *Ware* v. *McPherson*, 213 Cal. 120 [1 Pac. (2d) 433].)

■ Finally, appellant urges the point that the trial court erred in its refusal to admit certain evidence which was offered by defendant. But even admitting that the point is meritorious, it does not necessarily follow, nor does it appear probable, that had such error not been made the result either would, or that in reason it might, have been different from that which was actually reached. In such circumstances, the rule is that the judgment should not be reversed. (Sec. 4½ art. VI, Const.)

The judgment is affirmed. The attempted appeal from the order by which defendant's motion for a new trial was denied is dismissed.

York, J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 10, 1937.