EDWARD ROSEMAN *vs.* ALLEN KORB.

Middlesex.    December 3, 1941. — February 25, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, & COX, JJ.

*False Imprisonment. Arrest. Supplementary Process. Evidence,* Presumptions and burden of proof.

In an action for alleged false imprisonment, the burden is on the defendant to prove justification.

A demurrer should have been overruled to a declaration in tort alleging that following the default of the plaintiff in supplementary proceedings a capias issued ordering that he be arrested and brought before the court; and that the defendant, a constable, arrested the plaintiff but then, instead of complying with the capias, caused the plaintiff to be locked up in a cell at a police station and "left there by himself."

TORT. Writ in the Superior Court dated May 12, 1941.

The demurrer was heard by *Swift,* J.

*D. Gorfinkle,* for the plaintiff.

*H. Pollack,* for the defendant, submitted a brief.

COX, J. The plaintiff appealed from an order sustaining the defendant's demurrer. The facts alleged in each of the two counts of the declaration, which must be taken as admitted, are that in connection with the institution of supplementary proceedings against the plaintiff by a judgment creditor, wherein he had been defaulted, a capias issued for his arrest, which was placed in the hands of the

defendant, a constable; that "as provided in said capias and in accordance with the statutes made and as therein provided, the defendant was ordered to arrest the plaintiff and bring him before the Court; that the defendant did . . . by virtue of the said capias arrest the plaintiff and take him into his custody; and the plaintiff says that the defendant instead of complying with his instructions as embodied in the capias and provided by law placed or caused the plaintiff to be placed in a cell at the . . . Police Station where he was locked up and left there by himself." The grounds of the demurrer are (1) that substantive facts necessary to constitute a cause of action are not set forth, and (2) that the substantial facts necessary to constitute a cause of action are not stated concisely and with substantial certainty.

A marked change in the law relative to arrests on civil process and process after judgment for necessaries or labor (see G. L. [1921] c. 224 and c. 225), was made by the enactment of St. 1927, c. 334, entitled "An Act to Revise the Poor Debtor Law by Providing for Supplementary Proceedings in Civil Actions" (see now G. L. [Ter. Ed.] c. 224). Section 6 of G. L. (Ter. Ed.) c. 224, among other things, regulates arrests on mesne process and execution. Section 14 of said c. 224 contains provisions relating to supplementary process and proceedings after judgment, and provides that upon application, a summons may issue requiring the judgment debtor to appear and submit to an examination. This summons may be served by an officer qualified to serve civil process. Failure of a judgment debtor personally to appear, without reasonable excuse, upon such summons, or at an examination, constitutes a contempt of court. "Supplementary proceedings shall be in order for examination at the return day and hour set forth in the summons or further notice. . . ." Section 16 of said c. 224 provides, among other things, that failure, without just excuse, to obey any lawful order of the court "in supplementary proceedings" shall constitute a contempt of court. Section 18 of said c. 224 provides, among other things, that the court may issue warrants for arrest

and other processes to secure the attendance of debtors or creditors to answer for any contempt under this chapter; that an arrest shall not be made after sunset unless specially authorized in the warrant for cause; and that a debtor or creditor in custody, charged with contempt, shall be entitled to a speedy hearing therefor, and the officer having him in custody shall remain in attendance until excused by the court. Although in § 6 of said c. 224 provision is made that a defendant or debtor, when arrested on mesne process or execution, shall be allowed a reasonable time to procure bail or sureties for his recognizance, and also that if the arrest is made when the court is not sitting and the defendant or debtor does not recognize or give bail, the officer making the arrest may deliver him to the keeper of the jail, to be detained therein until the next sitting of court, when he shall be delivered to said officer to be taken before the court, said § 18 contains no such provision.

In an action for an illegal arrest or imprisonment, the burden is on the defendant to prove justification. *Jackson v. Knowlton*, 173 Mass. 94, and cases cited. *Wax v. McGrath*, 255 Mass. 340, 342. See *David v. Larochelle*, 296 Mass. 302, 305. The allegations of fact in each count of the declaration in the case at bar, when taken as true for the purposes of the demurrer come down to this: that although a capias issued that ordered the defendant to arrest the plaintiff and bring him before the court, and the plaintiff was arrested, instead of complying with his instructions, the defendant caused the plaintiff to be locked up in a police station and left there by himself. Clearly the defendant was justified in making the arrest. *David v. Larochelle*, 296 Mass. 302, 304, 305. But the plaintiff does not complain of this. On the contrary, his complaint is that the defendant did not stay within his authority as provided for in the capias. If, as alleged, the capias ordered the defendant to arrest the plaintiff and bring him before the court, we are of opinion that the plaintiff, in order to make out a case for what he alleges followed his arrest, was not required to allege that an arrest after sunset was not specially authorized. At the trial, the plaintiff may fail in his proof, or the

defendant may, in sustaining the burden that rests upon him, show that the treatment of the plaintiff after the arrest was justified.

We are not prepared to say that in no case where process is issued in supplementary proceedings under said c. 224, is the arresting officer justified in committing his prisoner to some place for safe keeping. Towns are required to maintain lockups which are accessible at all reasonable hours to officers, including constables, for any legal and proper use. G. L. (Ter. Ed.) c. 40, §§ 34–37. Confining ourselves, as we must, to the narrow issues presented in the case at bar, we are of opinion that it was error to sustain the demurrer and that it should have been overruled, and it is

*So ordered.*