[Civ. No. 8280.   Third Dist.   Nov. 10, 1953.]

HAROLD OGULIN, Appellant, v. LESTER O. JEFFRIES et al., Respondents.

Bruce B. Bruchler and Lovett K. Fraser for Appellant.

Frederic S. Crump for Respondents.

SCHOTTKY, J.—Plaintiff commenced an action for damages for false arrest against defendants Jeffries and Antrim, who were respectively deputy sheriff and sheriff of Lake County, and their bonding company. The trial court, sitting without a jury, found that defendant Jeffries, the deputy sheriff, did not make the arrest, but that plaintiff was arrested by Mina Young, a citizen, for a breach of the peace committed in her presence, and thereafter delivered to a peace officer of Lake County, and judgment was entered for defendants.

Plaintiff's motion for a new trial was denied and plaintiff has appealed from the judgment.

Plaintiff's principal contention is that the court's finding that Deputy Sheriff Jeffries did not make the arrest, and that Mina Young, a citizen, did arrest the plaintiff for a breach of the peace, is not supported either by the law or the evidence.

It appears from the record that at about 10 p. m. on the night of April 2, 1951, in the kitchen of the home of one Mina Young in Clear Lake Oaks, Lake County, there was an argument between Mina Young's daughter, June Poland, and plaintiff. Mrs. Young testified that plaintiff had been drinking, and stated: "Well, they were arguing and they got into a spat and she gave him a shove and he stepped back with one foot in the kitchen and the other on the back-

porch and when she give him a push he took a swing at her and then I stepped in to stop the fight and I slapped his face and he slapped mine; So I said 'I am going to have you arrested for hitting me' so I went over to the neighbor's next door and called sheriff Jeffries.'' When defendant Jeffries arrived at the Young home about 10 minutes later plaintiff had left the kitchen. Defendant Jeffries informed Mrs. Young that he could not arrest plaintiff since plaintiff had committed no crime in his presence, but that if she would sign the arrest book and arrest plaintiff herself and turn plaintiff over to him, he as deputy sheriff would take him in. Thereupon Mina Young signed the arrest book and when she and defendant Jeffries reentered the house plaintiff was sitting on a chair in the kitchen. (According to plaintiff's testimony he returned to the kitchen about 10 minutes after he left and defendant Jeffries came in about 10 minutes after he returned.) As to what occurred then, defendant Jeffries testified as follows:

''Q. [By MR. FRASER] And what did you do? A. Mrs. Young said that she was arresting Harold for hitting her and for me to take him away.

''Q. She said that when you first saw him, in his presence? A. Yes.''

. . . . . . . . . . . .

''Q. [By MR. CRUMP] Would you relate to the court what she said to him and what he said to her, if anything.

''A. When we walked in Mina Young and myself walked in the house; Harold was sitting on a chair in the kitchen and she says 'I'm arresting you for striking me' I believe, and 'here he is, take him away.' ''

Penal Code, section 837.1, provides that ''A private person may arrest another: 1. For a public offense committed or attempted in his presence.'' Penal Code, section 841, provides that ''The person making the arrest must inform the person to be arrested of the intention to arrest him, of the cause of the arrest, and the authority to make it, except when the person to be arrested is actually engaged in the commission of or an attempt to commit an offense, or is pursued immediately after its commission, or after an escape.'' Penal Code, section 847, provides: ''A private person who has arrested another for the commission of a public offense must, without unnecessary delay, take the person arrested before a magistrate, or deliver him to a peace-officer.''

Plaintiff quotes testimony of other witnesses contrary to the testimony of defendant Jeffries hereinbefore quoted, and argues that "The plain fact is, and it is established without any question, by the testimony of *all* witnesses, that the defendant, deputy sheriff Lester O. Jeffries arrested the plaintiff at night, without a warrant." However, it is apparent that the trial judge believed the testimony of defendant Jeffries, and it was for the trial judge who heard the testimony and observed the witnesses to determine what weight should be given to their testimony. "The court, in reviewing conflicting evidence, will presume that the evidence in support of the verdict or findings is true, and will construe it and resolve every substantial conflict as favorably as possible in support thereof." (4 Cal.Jur.2d, Appeal and Error, § 575, p. 449.) If there is sufficient evidence to support a verdict or finding, an appellate court is bound by the decision of the trial court. (4 Cal.Jur.2d, Appeal and Error, § 606, p. 485.)

We are satisfied that there was substantial evidence that Mina Young arrested plaintiff and then turned him over to defendant Jeffries.

Plaintiff next contends that even assuming that Mina Young made the arrest it "was made a full hour after the occurrence of the alleged breach of peace, and after the right to make a lawful arrest without a warrant, for a misdemeanor, had passed."

According to the testimony of plaintiff, himself, the altercation in the kitchen in which June Poland, Mina Young and himself were involved occurred at about 10 p.m.; he then left the kitchen for about 10 minutes and the arrest occurred about 10 minutes after he got back. He placed the time of the arrest at about 10:20 p.m. So instead of one hour elapsing between the time of the alleged breach of peace and the arrest, it is fairly inferable from the record that only about 20 minutes elapsed.

The rule as to arrests is well stated in 4 American Jurisprudence, section 67, page 46, as follows:

"In making an arrest without a warrant for breach of the peace or a misdemeanor, an officer must act promptly at the time of the offense. If he does not act immediately after the offense has been committed, he can thereafter make arrests only by procuring a warrant and proceeding in accordance with its terms. The same rule applies to an arrest made by a private individual in cases in which, if he acts immediately, an arrest without a warrant is permitted. In order to justify

a delay, there should be a continued attempt on the part of the officer or person apprehending the offender to make the arrest; he cannot delay for any purpose which is foreign to the accomplishment of the arrest. If an officer sees an affray and calls other officers to his assistance, the fact that the actual arrest is made after the affray is over does not make the arrest without a warrant illegal.''

Plaintiff relies heavily upon the decision of this court in *Jackson* v. *Superior Court,* 98 Cal.App.2d 183, in which we said at pages 185, 188 [219 P.2d 879] :

''By the specific provisions of the Penal Code peace officers and private citizens alike may make an arrest without a warrant for a public offense committed or attempted in the presence of the person making the arrest. On such an occasion the powers of arrest possessed by peace officers and by private citizens are equal. But to the right to arrest without warrant the law attaches the following conditions: The arrest must be made at the time the offense or any part of the offense is being committed or within a reasonable time thereafter or upon fresh and immediate pursuit of the offender. (6 C.J.S. 590.) As stated by the Supreme Court in *People* v. *Craig,* 152 Cal. 42, 47 [91 P. 997], 'It seems to be generally held that an arrest for a misdemeanor without a warrant cannot be justified if made after the occasion has passed, though committed in the presence of the arresting officer.'

''It was said in *Oleson* v. *Pincock,* 68 Utah 507 [251 P. 23] :

'' 'No hard and fast rule can, however, be laid down which will fit every case respecting what constitutes a reasonable time. What may be so in one case under particular circumstances may not be so in another case under different circumstances. All that can be affirmed with safety is that the officer ,must act promptly in making the arrest, and as soon as possible under the circumstances, and before he transacts other business.'

.   .   .   .   .   .   .   .   .   .   .   .   .   .

''In line with the authorities cited above we hold that in order to justify an arrest without warrant the arrestor must proceed as soon as may be to make the arrest. And if instead of doing that he goes about other matters unconnected with the arrest, the right to make the arrest without a warrant ceases, and in order to make a valid arrest he must then obtain a warrant therefor.''

The facts in that case as stated in the opinion at page 184 were :

"On March 26th at about 1:30 p. m., John Borth, a special deputy sheriff who resides at Winton in Merced County, observed one Harvey Jackson, with some other boys, shooting with BB guns at a light bulb affixed to a public building in Winton. Borth knew the boy, who likewise lived in Winton with his parents, petitioners here, and knew his approximate age. He stopped and talked to the boys. When he got out of his car these boys ran away and then came back to talk to him, and he told them they shouldn't be playing around the building and doing what they did. On the following day and around five o'clock in the afternoon Officer Borth, in company with Officer Adcock, likewise a deputy sheriff, went to the home of Harvey Jackson to arrest him for the incident above stated. They had no warrant for his arrest."

Clearly in the Jackson case too much time had elapsed and the officer in whose presence the alleged offense had been committed had gone about matters not connected with the arrest and had not acted with the promptness that is required. However, in the instant case, under the circumstances shown by the record, it cannot be held as a matter of law that Mina Young did not act promptly and as soon as possible under the circumstances in making the arrest, or that she went about other matters unconnected with the arrest. The finding of the trial court that plaintiff was arrested by Mina Young, a citizen, necessarily included a finding that there had been no unjustifiable delay between the commission of the offense and the arrest.

Plaintiff's remaining contention is that assuming that his arrest was legal he is still entitled to substantial damages because he was detained in jail an unreasonable length of time before being brought before a magistrate.

The record shows that following plaintiff's arrest he was taken to the county jail at Lakeport and was confined there from about 11 p. m. on April 2d until early the next afternoon when he was brought before the magistrate in Lower Lake at 2 p. m. As stated in *Kaufman* v. *Brown*, 93 Cal.App.2d 508, at page 511 [209 P.2d 156]:

"A person detained pursuant to a lawful arrest cannot bring an action for the *false arrest* itself. (*Stubbs* v. *Abercrombie*, 42 Cal.App. 170 [183 P. 458].) However, an action for false imprisonment arising from unlawful detention may be maintained if the defendant unlawfully detains the prisoner for an unreasonable period of time and unnecessarily

delays taking him before a magistrate within a reasonable time after his arrest. (*Williams* v. *Zelzah Warehouse Co.,* 126 Cal.App. 28 [14 P.2d 177]; Pen. Code, sec. 849; Pen. Code, sec. 145; *Vernon* v. *Plumas Lumber Co.;* 71 Cal.App. 112 [234 P. 869]; 35 C.J.S. sec. 51, p. 582; *Roseman* v. *Korb,* 311 Mass. 75 [40 N.E.2d 255].)''

Section 849 of the Penal Code provides:

''When an arrest is made without a warrant by a peace officer or private person, the person arrested must, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the arrest is made, and a complaint stating the charge against the person, must be laid before such magistrate.''

It should be borne in mind that we have hereinbefore held that the finding that plaintiff was arrested by Mina Young and not by defendant Jeffries is supported by the record, and that Mina Young is not a party defendant in the action. Therefore, defendants would only be liable for damages for the imprisonment of plaintiff if there was an unreasonable delay in taking him before a magistrate. Plaintiff was held in jail overnight and taken before the justice of the peace at Lower Lake at 2 p. m. the next day. Lower Lake is approximately 25 miles from the county jail at Lakeport. There is nothing in the record to indicate that plaintiff demanded to be taken before a magistrate sooner nor to indicate that under all the circumstances the delay was unreasonable. Whether or not plaintiff was held in custody for an unreasonable length of time before being taken before a magistrate was a question of fact to be determined by the trial court. (*Kaufman* v. *Brown, supra,* p. 514; *Peckham* v. *Warner Bros. Pictures, Inc.,* 36 Cal.App.2d 214, 220 [97 P.2d 472].) The finding that plaintiff had not been damaged by any acts of defendants necessarily includes a finding that plaintiff was not detained in jail an unreasonable length of time before he was taken before a magistrate. We cannot say as a matter of law upon the record here that this conclusion by the trial court is unsupported.

No other points raised require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.