## LOUIS CASSIER vs. HENRY E. FALES.

Suffolk. Jan. 16. — June 22, 1885. FIELD, DEVENS, & COLBURN, JJ., absent.

Although an infant is exempt from arrest for debt, either upon execution or mesne process, he cannot maintain an action for an illegal arrest and false imprisonment against the person aiding the officer in making the arrest, if the arrest was made upon a valid writ; and the fact that the infant notified the defendant of his infancy at the time of the arrest is immaterial.

MORTON, C. J. This is an action of tort, in the nature of trespass, for an illegal arrest and false imprisonment. The plaintiff is an infant. He was arrested by a constable upon a writ sued out by the defendant, upon which was the proper affidavit and certificate required by law to authorize the arrest of the plaintiff. The defendant aided the constable, at his request, in making the arrest. The plaintiff testified that, at the time of the arrest, he notified the defendant, his attorney, and the constable that he was under the age of twenty-one years; and asked the court to rule that, "if the defendant, attorney, and constable were notified that the plaintiff was under the age of twenty-one years, after such notification they had no right to proceed with the arrest on mesne process." The court refused the ruling; and the plaintiff excepted.

For the reasons stated in *Cassier's case, ante,* 458, we are of opinion, that, by reason of his infancy, the plaintiff was exempted from arrest for debt, either upon execution or mesne process; and that, upon proper application after his arrest, he would have been entitled to be discharged upon habeas corpus. *Blake's case,* 106 Mass. 501. But it does not follow that the plaintiff can maintain an action in the nature of trespass for the arrest and imprisonment. It is entirely clear that such an action cannot be maintained against the officer making the arrest. An officer is protected in the service of process, if it is issued by a court having jurisdiction, and appears upon its face to be regular and valid, even if it is fraudulently or irregularly issued. *Wilmarth* v. *Burt,* 7 Met. 257. *Twitchell* v. *Shaw,* 10 Cush. 46. *Fisher* v. *McGirr,* 1 Gray, 1. *Blake's case, ubi supra. Tarlton* v. *Fisher,* 2 Doug. 671.

Where an arrest is made upon a legal process, regular upon its face, and therefore sufficient to justify an officer, but which has been fraudulently or irregularly obtained and issued, the party who procures it, and directs it or causes it to be served, is not justified by it. He is bound to see to it, before he sets the law in motion, that the process he obtains is regular and valid ; and if it is not, he is liable in an action of tort in the nature of trespass. *Emery* v. *Hapgood*, 7 Gray, 55. *Cody* v. *Adams*, 7 Gray, 59. *Barker* v. *Braham*, 3 Wils. 368. *Bates* v. *Pilling*, 6 B. & C. 38. *Codrington* v. *Lloyd*, 8 A. & E. 449. *Deyo* v. *Van Valkenburgh*, 5 Hill (N. Y.) 242.

In the case before us, the writ sued out by the defendant was regular and valid. The plaintiff's exemption from imprisonment under it arises not from any irregularity or illegality in the writ, but from his personal privilege of infancy. It is similar in principle to any other case of personal privilege. Suppose a creditor sues out an execution or writ in due form against his debtor, and delivers it to an officer for service ; the officer arrests the debtor, and it turns out that, at the time, he is under protection as a party or witness attending court. Can the creditor be liable as a trespasser? "It is incomprehensible," says Lord Kenyon, in *Belt* v. *Broadbent*, 3 T. R. 183, "to say that a person shall be considered as a trespasser who acts under the process of the court." In *Tarlton* v. *Fisher*, *ubi supra*, which was trespass for assault and false imprisonment of a certificated bankrupt, by an arrest upon an execution, Mr. Justice Buller said, that the debtor might have a supersedeas of the execution, but, until superseded, the original party was not liable in trespass, and that even after supersedeas, though trespass would lie against the party, it would not lie against the officer. In *Deyo* v. *Van Valkenburgh*, *ubi supra*, it was held that a judgment creditor, who took out an execution after the judgment had been satisfied by a discharge in insolvency, and caused it to be executed, was liable in an action of trespass. But Mr. Justice Cowen, in delivering the opinion, says, that the violation of a personal privilege is no ground for an action for false imprisonment.

The question before us was carefully considered in the recent case of *Marks* v. *Townsend*, 97 N. Y. 590. In that case the plaintiff was arrested for debt under the "Stillwell act." He

was discharged from the arrest upon showing to the court that he had previously been arrested for the same cause, and upon the same grounds. It was held that an action for false imprisonment would not lie for the second arrest, even if the defendant maliciously caused it to be made, because it was made upon a process regularly issued by a court having jurisdiction of the matter. It is difficult to see how any person can be guilty of a trespass in serving, or causing to be served, a valid writ or other process of a court. The plaintiff has his remedy by a right to a speedy release upon proper application, and by the right to bring an action on the case, if the defendant has maliciously violated his privilege by the arrest.

The fact that the plaintiff gave notice of his infancy to the defendant at the time of the arrest, is not material. It did not make the writ an illegal process. What might be its importance upon the question of the defendant's malice, in another form of action, is not for us to consider.

We are of opinion that, upon the facts of this case, an action in the nature of trespass will not lie ; and that the court rightly refused the rulings requested by the plaintiff.

*Exceptions overruled.*

*H. Dunham*, for the plaintiff.

*E. C. Bumpus*, for the defendant.