MAX DAVID *vs.* ELZEAR J. LAROCHELLE.

Middlesex. November 6, 1936. — December 29, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Officer. Arrest. Proximate Cause. Assault and Battery. False Imprisonment.*

An officer is justified in making an arrest on a capias which is regular upon its face and issues from a court having jurisdiction of the subject matter, and he is not required to inquire into extrinsic facts which might render the capias invalid.

An officer who made an unintentionally false return of service of a summons in supplementary process, by reason of which the debtor was defaulted and a capias, regular on its face, issued, was justified in arresting the debtor on the capias and was not liable to him for assault or false imprisonment in so doing; but he was liable for all damages proximately resulting from the false return, which included the arrest, but not injury sustained by the debtor in resisting the arrest.

TORT against a deputy sheriff. Writ in the Superior Court dated December 2, 1931.

The declaration contained three counts, the first for assault and false imprisonment; the second and third for a

false return. The action was heard without a jury by *Williams*, J., who found for the defendant. The plaintiff alleged exceptions.

*E. S. Farmer*, for the plaintiff.

*J. P. Donahue*, for the defendant, submitted a brief.

QUA, J. This is an action against a deputy sheriff for assault and false imprisonment and for a false return. The defendant attempts to justify under the authority of a capias issued by the First District Court of Eastern Middlesex for the arrest of the plaintiff for contempt in failing to appear to submit to an examination on supplementary process after judgment. The plaintiff in turn contends that the capias was unlawfully issued and affords no protection, because at the inception of the supplementary proceedings no summons to appear for examination had been served upon him in accordance with St. 1927, c. 334, § 2. See now G. L. (Ter. Ed.) c. 224, § 14.

Material findings by the trial judge are these: One Plotkin, who had obtained a judgment against the plaintiff, applied for supplementary process and took out a summons which his attorney handed to the defendant for service upon the plaintiff. The defendant undertook to serve the summons by leaving an attested copy thereof at the plaintiff's last and usual place of abode. In fact the defendant left only a blank form of summons, signed by him, but not otherwise filled out, and containing neither the name of the plaintiff nor the time for his appearance. Thereupon the defendant, supposing he had left a true copy of the summons, made return to court of service upon the plaintiff. This return was erroneous, although the defendant did not intend to make a false return. The plaintiff did not appear in court on the return day of the summons and was defaulted, and the capias was issued "in due and regular legal form" and was delivered to the defendant for service. The defendant, unaware of his previous mistake, attempted to arrest the plaintiff on the capias. The plaintiff resisted and was injured in the ensuing scuffle. The defendant used no excessive or unreasonable force. Before the arrest the plaintiff's attorney wrote the defend-

ant referring to "a blank summons," but not otherwise describing it. The defendant "apparently did not take seriously" this communication. While the plaintiff was in the defendant's custody the plaintiff's attorney "advised" the defendant "of the service of the blank summons." There was no evidence that the blank summons was shown to the defendant, and as far as appears the advice rested only in the assertion of the attorney.

The judge ruled that the defendant was legally justified in his service of the capias and for that reason found for the defendant.

1. The ruling that the defendant was justified in serving the capias was right. The capias was regular upon its face. The court had jurisdiction over supplementary process and was empowered to issue capias writs for non-appearance. In *Wilmarth* v. *Burt*, 7 Met. 257, 259, Chief Justice Shaw states the law as follows: "As a general rule, the officer is bound only to see that the process, which he is called upon to execute, is in due and regular form, and issues from a court having jurisdiction of the subject. In such case, he is justified in obeying his precept, and it is highly necessary to the due, prompt and energetic execution of the commands of the law, that he should be so." *Sandford* v. *Nichols*, 13 Mass. 286. *Donahoe* v. *Shed*, 8 Met. 326. *Twitchell* v. *Shaw*, 10 Cush. 46. *Fisher* v. *McGirr*, 1 Gray, 1, 45. *Clarke* v. *May*, 2 Gray, 410, 413. *Dwinnels* v. *Boynton*, 3 Allen, 310. *Chase* v. *Ingalls*, 97 Mass. 524. *Bergin* v. *Hayward*, 102 Mass. 414, 423. *Underwood* v. *Robinson*, 106 Mass. 296. *Cassier* v. *Fales*, 139 Mass. 461. *Savacool* v. *Boughton*, 5 Wend. 170. *Bryan* v. *Ker*, 222 U. S. 107. The principle to be deduced from the cases is that the officer is entitled to rely upon the face of his precept. He is not expected to inquire into extrinsic facts which might render it invalid in the particular instance or to govern himself in executing it by his belief as to what those facts are. Am. Law Inst. Restatement: Torts, §§ 122, 124. See *Chesebro* v. *Barme*, 163 Mass. 79, 81; *Martin* v. *Collins*, 165 Mass. 256.

In *Tellefsen* v. *Fee*, 168 Mass. 188, a majority of the

court held that under the very unusual circumstances there disclosed the officer had information about which he could have no reasonable doubt and to which the court suggests that he wilfully closed his eyes, showing lack of jurisdiction over the particular type of controversy involved, and that he was not justified in making an arrest. It is plain that the court regarded that case as exceptional and that there was no intent to break down the policy established by the previous decisions. At any rate that case does not impose upon an officer serving a capias the burden of investigating or passing upon the truth of the return on the original summons.

We think it immaterial on this branch of the case that the defendant, who served the capias, happened to be the same officer who had made the error in the return on the summons. In serving the capias he was not acting for himself, but was acting as the arm of the court and in so far as concerns charges of assault and false imprisonment arising out of the service itself, he is entitled to the protection to which any other officer would be entitled. It follows that the plaintiff cannot recover as in an action of trespass for assault or false arrest or false imprisonment. See *Everett* v. *Henderson*, 146 Mass. 89.

2. But the judge was in error when he further ruled that because the defendant was legally justified in serving the capias the plaintiff could not recover on any of the counts. The defendant is liable for all the damages proximately resulting from the false return. That the falsity was not intentional is immaterial. There was ample evidence tending to show that the default of the plaintiff, the issuance of the capias and the plaintiff's arrest were direct and natural consequences of the false return. The capias can afford no justification for the false return or for its consequences, including the arrest, any more than a valid warrant would prevent recovery of damages for arrest in an action for malicious prosecution or for abuse of process. *Everett* v. *Henderson*, 146 Mass. 89. *Emery* v. *Hapgood*, 7 Gray, 55. *Cassier* v. *Fales*, 139 Mass. 461. *Jackson* v. *Knowlton*, 173 Mass. 94, 95. *Laing* v. *Mitten*, 185 Mass.

233.  *Paine* v. *Kelley*, 197 Mass. 22, 26–27.  *Rich* v. *Rogers*, 250 Mass. 587.  *Marks* v. *Townsend*, 97 N. Y. 590.  *Tarlton* v. *Fisher*, 2 Doug. K. B. 671.  However, the plaintiff cannot recover for so much of his damages as were not the natural consequences of the arrest itself, but resulted from his resistance to arrest and would not have been sustained if he had not resisted.  As it was within the authority of the officer to serve the capias, the plaintiff was not justified in resisting him.  *State* v. *Weed*, 1 Fost. (N. H.) 262.

It is unnecessary to deal with the requests for rulings, as they are not likely to be presented in the same form at another trial.

The exceptions are sustained.  The finding for the defendant is to stand as to the first count of the plaintiff's declaration, and the case is to stand for a new trial on the second and third counts only.

*So ordered.*