CHARLES K. MORRILL *vs.* FRANK E. HAMEL
(and a companion case[1]).

Essex. January 7, 1958. — February 28, 1958.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Officer. Arrest. Soldiers' and Sailors' Civil Relief Act. Taxation,* Collector of taxes, Imprisonment for nonpayment.

An officer was justified, and not liable for false imprisonment, in arresting and incarcerating upon a tax warrant issued by a city tax collector, regular on its face, a resident of the city who was on active duty in the United States military service and in uniform at the time of the arrest and then informed the officer that he was in the service, even if he was exempt from arrest on such warrant by reason of the soldiers' and sailors' civil relief act of 1940.

[1] The companion case is by the plaintiff in the first case against Edward A. Butler.

TWO ACTIONS OF TORT. Writs in the Superior Court dated March 4, 1953.

The actions were tried before *Quirico, J.*

*Edward J. Barshak*, for the plaintiff.

No argument nor brief for the defendants.

WILKINS, C.J. In these actions of tort for false imprisonment against two deputy tax collectors, verdicts for the defendants were directed on the plaintiff's opening. The jury were told that on February 7, 1953, the plaintiff, then on active duty with the United States Air Force, was in uniform at his home in the city of Newburyport when the defendants appeared with a tax warrant issued by the city tax collector. The warrant instructed the defendants to collect the excise tax on the plaintiff's automobile and failing that to arrest and incarcerate him. The warrant was regular on its face, and all the required statutory notices for the collection of the excise tax had been served upon the plaintiff prior to the date of the warrant. After the plaintiff informed the defendants that he did not have the money, they arrested him and brought him to the local jail, where he was kept until later in the day when military representatives from the plaintiff's Air Force base came and paid the tax. The plaintiff was chairman of the city planning board and well known in the community.

The plaintiff's counsel informed the court that there was no actual malice on the part of the defendants, and that there was no assault. He stated that the sole basis for the case was that at the time of the arrest the plaintiff was in the military service, a fact which he made known to the defendants, and for that reason he was exempt from arrest on this particular warrant because of the soldiers' and sailors' civil relief act of 1940. U. S. C. (1952 ed.) Title 50, Appendix, § 501 et seq.

By this Federal act "provision is made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions

are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service . . . ." § 510.

There is no mention of civil arrest in the act. The plaintiff refers to a part of § 560, which, according to subsection (1), "shall apply when any taxes . . . whether falling due prior to or during the period of military service, in respect of personal property . . . are not paid."[1] His main reliance is subsection (2), which reads: "No sale of such property shall be made to enforce the collection of such tax or assessment, or any proceeding or action for such purpose commenced, except upon leave of court granted upon application made therefor by the collector of taxes or other officer whose duty it is to enforce the collection of taxes or assessments. The court thereupon, unless in its opinion the ability of the person in military service to pay such taxes or assessments is not materially affected by reason of such service, may stay such proceedings or such sale, as provided in this Act [sections 501–548 and 560–590 of this Appendix], for a period extending not more than six months after the termination of the period of military service of such person."

We shall assume that the excise tax on registered motor vehicles in lieu of local tax (see G. L. [Ter. Ed.] c. 60A) is a tax "in respect to personal property" under § 560 (1), (2).

We shall pass by any question due to the fact that the opening contains no statement that there was no leave of court granted upon application of the collector of taxes.

We rest our decision upon the broad principle stated by Chief Justice Shaw in *Wilmarth* v. *Burt*, 7 Met. 257, 259. "As a general rule, the officer is bound only to see that the process, which he is called upon to execute, is in due and regular form, and issues from a court having jurisdiction of the subject. In such case, he is justified in obeying his pre-

[1] Subsection (1) in full is: "The provisions of this section shall apply when any taxes or assessments, whether general or special (other than taxes on income), whether falling due prior to or during the period of military service, in respect of personal property, money, or credits, or real property owned and occupied for dwelling, professional, business, or agricultural purposes by a person in military service or his dependents at the commencement of his period of military service and still so occupied by his dependents or employees are not paid."

cept, and it is highly necessary to the due, prompt and ener-
getic execution of the commands of the law, that he should
be so." As was said in *David* v. *Larochelle,* 296 Mass. 302,
304, citing many of our decisions: "The principle to be
deduced from the cases is that the officer is entitled to rely
upon the face of his precept. He is not expected to inquire
into extrinsic facts which might render it invalid in the
particular instance or to govern himself in executing it by
his belief as to what those facts are." This is the rule of the
Restatement of Torts, §§ 122, 124, particularly comment b.
See Prosser, Torts (2d ed.) § 25. The *Larochelle* case de-
scribes the majority opinion in *Tellefsen* v. *Fee,* 168 Mass.
188, as "exceptional" and one of "very unusual circum-
stances" (page 305).

We see no occasion for reading into the Federal act lan-
guage which would have the effect of penalizing an officer
who is executing a precept directed to him in peremptory
terms. As is said in Restatement: Torts, § 123, comment d:
"Aside from statute, only foreign sovereigns and diplomatic
representatives, and members of their households and official
staff, are immune from arrest under a warrant. Other
persons or groups of persons are immune from arrest in the
sense that they are entitled to habeas corpus to secure their
release from custody, or may secure their release from cus-
tody by pleading their immunity; but such immunity does
not destroy the privilege of the one making the arrest."

In Prosser, Torts (2d ed.) § 25, it is said, "But so long as it
[a warrant] is valid upon its face, the weight of authority
probably is that the officer is privileged to execute it even
though he has personal knowledge of facts which should
prevent the arrest, and may safely leave all responsibility
to the court." The minority cited is chiefly *Tellefsen* v. *Fee.*

"The collector is certainly entitled to the full protection
of the rule which regulates the liability of ministerial officers
in the service of process. *Chase* v. *Ingalls,* 97 Mass. 524.
And where the assessors have jurisdiction of the subject
matter, and the process is regular on its face, he is not bound
to examine into the legality of the previous proceedings, and

cannot be affected by the existence of any fact not disclosed which deprives them of jurisdiction in that particular case." *Hubbard* v. *Garfield,* 102 Mass. 72, 73. *Hays* v. *Drake,* 6 Gray, 387, 389–390. *Howard* v. *Proctor,* 7 Gray, 128, 133. *Oakley Country Club* v. *Long,* 325 Mass. 109, 112.

Our conclusion finds support in *Williams* v. *Franzoni,* 120 Fed. Sup. 444 (D. C. Vt.); *S. C.* 217 Fed. (2d) 533 (C. A. 2). There the plaintiff, an enlisted member [1] of the United States Air Force, was arrested by the defendant deputy sheriffs of Rutland County, Vermont, upon writs of attachment and capias issued in civil actions issuing out of the Rutland County Court. In U. S. C. (1952 ed.) Title 10, § 610, it is provided: "No enlisted man shall, during his term of service, be arrested on mesne process . . . ." The holding of the United States District Court was that the defendant officers were justified in making the arrest, and that an action for false imprisonment would not lie. Upon appeal, the Court of Appeals affirmed. That court did state (page 534) that there was no allegation that the writs showed that the defendant was an enlisted man. In the view we take, such a fact, or the fact that the plaintiff here was in uniform would not affect the result. See *Cassier* v. *Fales,* 139 Mass. 461, 463.

The effect of our holding is that the interpretation and enforcement of the Federal act will rest with the courts where such subjects properly belong. The determination of these questions will in no way depend upon any conversation between the process server and the taxpayer and will not later become subject of testimony as to any legal debate between them at the time of service. This salutary result will tend to eliminate the possibility that from fear of personal liability the officer might be dissuaded from serving a warrant which is in all respects valid, or that his judgment rather than that of a court should be decisive as to whether process should be served at all.

*Exceptions overruled.*

---

[1] The record in the case at bar does not indicate whether the plaintiff was an officer or an enlisted man.