Botsford, J.
Linda Donahue commenced this action against the Commonwealth following the execution of a search warrant on the incorrect rental unit at *182 61 Whiten Avenue, Revere, Massachusetts on Halloween evening in 1988. In her complaint, Donahue seeks recovery under the Massachusetts Torts Claims Act, G.L.c. 258, alleging she suffered serious emotional distress from the negligence of state police in investigating the premises of 61 Whiten Avenue and executing a search warrant on the wrong apartment in that building.
The Commonwealth now moves for summary judgment pursuant to Mass.R.Civ.P. 56(b) on the grounds that the conduct of the state police falls within the immunity provisions of§10(a) and §10(b) of G.L.c. 258. For the reasons set forth below, the Commonwealth’s motion is ALLOWED.
BACKGROUND
The undisputed facts taken from the parties’ written submissions are as follows. In June, July, and October 1988, Massachusetts State Police Trooper Brian Mulhern received information from a reliable confidential informant that Larry Sneirson, the owner of the premises at 61 Whiten Avenue in Revere, had been conducting an illegal gambling operation at that location. On several occasions, Trooper Mulhern conducted surveillance of the premises.[1] After observing that the ranch-style house had only one front entrance, one driveway and one mailbox, Trooper Mul-hern concluded that the property was a single-family home. Trooper Mulhern also received information from a local utility company that Larry Sneirson paid all the utilities for the residence.
On October 27, 1988, Mulhern applied for and received a no-knock search warrant for 61 Whiten Avenue. Accompanied by three other state police troopers, Trooper Mulhern executed the search warrant at approximately 7:00 p.m. on Halloween evening, October 31. Trooper Mulhern approached the house, observed a light within, and knocked on the door while stating, “the police.” Receiving no response, Mulhern directed another trooper to open the door with a sledgehammer.[2]
Contrary to Trooper Mulhern’s conclusion or assumption that 61 Whiten Avenue was a single-family home occupied only by Sneirson and perhaps his family, the main level of the house was used as an apartment, and Donahue was the tenant living there; Sneirson himself lived in the basement. At the time the State troopers knocked on the door of the house, Donahue was sitting on the living room sofa and conversing on the telephone in her apartment. She heard the knock at the door but declined to answer it, believing it was announcing Halloween trick or treaters. Suddenly, Donahue looked up and saw a man dressed in plain clothes — one of the State troopers — standing in her living room holding what she believed to be a hatchet. Crippled by fear, she was rendered speechless. The police proceeded downstairs to the lower level and arrested Sneirson.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The Commonwealth argues that the provisions of G.L.c. 258, §10(a) entitle it to summary judgment on Donahue’s challenges to the execution of the search warrant, and c. 258, §10(b) similarly disposes of her challenge to the police investigation. Sections 10(a) and 10(b) of c. 258 provide as follows:
§10. The provisions of sections one to eight [of c. 258], inclusive, shall not apply to:
(a) any claim based upon an act or omission of a public employee when such employee is exercising due care in the execution of any statute or any regulation of a public employer, or any municipal ordinance or by-law whether or not such statute, regulation, ordinance or by-law is valid;
(b) any claim based upon the exercise or performance or the failure to exercise or perform a dis-cretionaiy function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused.
I discuss each of the contentions separately.
1. Section 10(a): execution of the warrant.
The Commonwealth argues that Trooper Mulhern executed the search warrant pursuant to G.L.c. 268, §22, which admonishes that “[a]n officer who willfully delays service of a warrant of arrest or a search warrant committed to him for service shall be punished by a fine of not more than $50[,]” and therefore *183 G.L.c. 258, §10(a) applies. General Laws c. 276, §2A should also be considered in this context. Section 2A requires that an “immediate search” be made after issuance of a search warrant, which the courts have translated into a requirement that the search warrant be executed by the appropriate officer or officers within a reasonable time after issuance, and in any event no later than seven days. Commonwealth v. Cromer, 365 Mass. 519, 524-26 (1974).
There appear to be no Massachusetts appellate decisions offering specific guidance concerning the proper construction of G.L.c. 258, §10(a), and plainly notin the context of an execution of a search warrant. I agree with the Commonwealth, however, that in seeking to execute the search warrant for 61 Whiten Avenue, the state troopers were carrying out or executing the provisions of G.L.c. 276, §2A, and, indirectly, c. 268, §22. The question that remains is whether in doing so, as a matter of law they were “exercising due care” (as is required by c. 258, § 10(a)), or whether disputed factual issues persist on this point.
Donahue’s claims of negligent execution of the warrant include contentions that in substance relate not so much to the warrant’s execution as to the method in which the preceding investigation was carried out; these claims are addressed in Paragraph 2 below. Donahue does assert, however, that the police officers were negligent in the actual execution of the warrant because they reasonably should have noticed her name on the mailbox as they approached the house to serve the warrant on October 31, 1988. She argues that in light of the presence of her name, the officers should have then taken appropriate steps to have the warrant corrected before they executed it, so that it would only relate to Sneirson’s basement apartment, and not the entire building.
This claim must fail as a matter of law. If a warrant is valid on its face, as was the warrant at issue here, the executing officers are entitled to rely on the warrant and to execute it according to its terms; the officers have no duty to make inquiry as to the validity of the facts on which the warrant is based. See Morrill v. Hamel, 337 Mass. 83, 85-87 (1958), and cases and authorities cited. Accordingly, I conclude that there is no material factual issue concerning the officers’ exercise of due care in executing the warrant, and that G.L.c. 258, §10(a) applies. The Commonwealth is entitled to summary judgment on Donahue’s claim of negligence relating to the execution of the warrant.
2. Section 10(b): the underlying investigation.
The Commonwealth contends that insofar as Donahue challenges the State police investigation which led to the application for issuance of the search warrant, the claim is precluded by the “discretionary function” exclusion in G.L.c. 258, §10(b).
There is a two-pronged test to determine whether a defendant may successfully assert the discretionary function exclusion. First, the court must consider “whether the governmental actor had any discretion at all as to what course of conduct to follow.” Harry Stoller & Co. v. Lowell, 412 Mass. 139, 141-42 (1992). Second, if the actor had discretion, the court must decide whether the discretion is the type protected by § 10(b). Id.
With respect to the first prong, the investigation of potentially criminal conduct inherently involves a law enforcement officer’s discretion. Police officers must “rely on their own judgment, based on their experience and their knowledge of the law to determine what evidence to seek, how to gather that evidence, and whether and when to apply for warrants.” Sena v. Commonwealth, 417 Mass. 250, 256 (1994) (police officer’s investigation and subsequent execution of arrest warrant). See Pooler v. United States, 787 F.2d 868, 871 (3rd Cir.), cert. denied, 479 U.S. 849 (1986). Because “[t]here obviously is no objective scale with which a law enforcement officer can weigh the evidence he accumulates in any particular case to determine whether and when that evidence would support a finding of probable cause[,]” such decisions epitomize “quintessential discretion.” Sena, supra. Accordingly, I conclude that the state police officers’ investigation of possible criminal activity and decision to apply for a search warrant involved judgments based upon their skill, training and expertise.
The second prong of the discretionary test may be fulfilled “if the inquiry-producing conduct was an integral part of governmental policy making or planning, if the imposition of liability might jeopardize the quality of the governmental process, or if the case could not be decided without usurping the power and responsibility of either the legislative or executive branch of government.” Stoller, supra, 412 Mass. at 142, citing Whitney v. Worcester, 373 Mass. 208, 219 (1977). The Sena decision makes clear that “[t]he decisions of law enforcement officers whether, when, how, and whom to investigate, and whether and when to seek warrants . . . are based on considerations of, and necessarily affect, public policy.” Sena, supra, 417 Mass. at 256. The challenged conduct' of the state police here involves precisely these types of decisions, and the second prong is satisfied. Thus, the Commonwealth is entitled to prevail on its argument that G.L.c. 258, § 10(b) precludes Donahue’s claim of negligence relating to the state police investigation.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for summary judgment be ALLOWED.

 Trooper Mulhem’s affidavit in support of his search warrant and police department attendance records suggest an error in the surveillance dates. If there is an error, it does not concern a material fact.

 The parties dispute whether the trooper opened the door with a sledgehammer or a hatchet.